IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED 2006 JAN 26 P 3: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PEARSON'S PHARMACY, INC.; | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:06CV73-VPM |
| EXPRESS SCRIPTS, INC.; | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW the Plaintiff PEARSON'S PHARMACY, INC. and files this Complaint against the Defendant, EXPRESS SCRIPTS, INC. ("ESI" or "DEFENDANT"). In support thereof, the Plaintiff states the following:

### NATURE OF THE CASE

1. Through a fraudulent, unlawful and unfair course of conduct, Defendant has, over the course of years, knowingly, purposefully and willfully withheld reimbursement payments to Plaintiff.

2. Plaintiff formerly operated as an independently owned pharmacy. Defendant is an insurance company and/or pharmacy benefit management company. Plaintiff entered into a contractual agreement with Defendant pursuant to which Plaintiff agreed to dispense prescription medication to Defendant's insureds, members and/or clients. The contract between Plaintiff and Defendant contains a provision which requires Defendant to reimburse Plaintiff for filling name-brand medications at a rate which is determined by using the Average Whole Price ("AWP").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff and Defendant are diverse citizens, and the amount in controversy exceeds $75,000.

4. Venue in this case is proper in this District, because a substantial portion of the conduct of the Defendant which forms the basis of this action occurred in this District, and personal jurisdiction may be obtained over Defendant in this District.

## PARTIES

5. Plaintiff is a resident citizen of Tallapoosa County, Alabama.

6. Defendant ESI is a foreign corporation which has its principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri 63043.

## FACTUAL ALLEGATIONS

7. Plaintiff entered into a contract to dispense prescription medications for Defendant's insureds, members or clients. Beginning at a date unknown, Defendant began engaging in the unfair, unlawful, fraudulent, wrongful and deceptive practice of failing to fully, timely and properly reimburse Plaintiff for filling prescriptions on behalf of its insureds, members or clients. This fraudulent conduct includes Defendant's failure to properly reimburse Plaintiff the Average Wholesale Price ("AWP") of brand name prescription medications pursuant to the terms of the parties' contract.

8. The contract between Plaintiff and Defendant provides that Defendant will reimburse Plaintiff an amount which is arrived at by using the Average Wholesale Price for filling a prescription for a Brand Name Drug. Despite Defendant's statement that Plaintiff will be reimbursed AWP, Defendant fails to reimburse Plaintiff in this manner. AWP is the average of the prices

2

charged by national drug wholesalers for a given prescription drug. AWP is electronically updated by the manufacturer or distributor of the medication on a daily basis or in "real time." Accordingly, AWP is readily ascertainable and easily definable. AWP is reported to pharmacies, insurance companies, pharmacy benefit managers and the public by third-party publications such as Red Book, Blue Book and Medispan. Typically, pharmacy benefit reimbursement contracts, like the one between Plaintiff and Defendant, require pharmacy benefit managers to reimburse pharmacies based upon a percentage tied to AWP (i.e. AWP minus 15%) plus pay the pharmacy a dispensing fee (i.e. $2.00). Despite having access to updated "real time" AWP information, Defendant deliberately refuses to fully reimburse Plaintiff at AWP according to the terms of the contract. Moreover, Defendant fails to timely and properly reimburse Plaintiff according to the terms of its contract. Accordingly, Defendant retains monies that belong to Plaintiff. Upon information and belief, Defendant engages in the unlawful, fraudulent and deceptive practice in order to increase its profits.

9. As a result of Defendant's conduct, Defendant has concealed and suppressed from Plaintiff the true fact that Defendant do not have the intent to fully, properly or timely reimburse Plaintiff in accordance with the terms of the parties' contractual agreement.

10. Defendant's policy and practice of failing to fully, properly and timely reimburse pharmacies has dramatically increased the profits of Defendant throughout the entire United States. Defendant has defrauded countless pharmacies based upon this practice and further has breached numerous contracts.

11. Plaintiff has been damaged in that Plaintiff has not been reimbursed pursuant to the terms of the contractual agreement with Defendant.

## FIRST CAUSE OF ACTION

### MISREPRESENTATION/SUPPRESSION

12.     Plaintiff adopts, re-alleges and incorporates each and every allegation above, as though fully set forth herein.

13.     At all times material hereto, Defendant was under a duty to not misrepresent the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts. This includes, but is not limited to, the AWP reimbursement program. Defendant intentionally, recklessly or negligently misrepresented that it would fully, properly and timely reimburse Plaintiff for any prescription that Plaintiff filled in accordance with the terms of its contractual agreement. Instead, Defendant did not intend to fully reimburse Plaintiff pursuant to the terms of the contract.

14.     Defendant intentionally misled Plaintiff as to the true nature and purpose of its brand name prescription drug reimbursement program. At the time Defendant made these representations to Plaintiff, Defendant knew that these representations were false.

15.     Specifically, Defendant misrepresented to and/or suppressed from Plaintiff the following information:

   a.     that Defendant would not fully, timely and properly reimburse Plaintiff;

   b.     that Defendant would not reimburse Plaintiff according to the Average Wholesale Price (suppression);

   c.     that Defendant would reimburse Plaintiff according to the Average Wholesale Price (misrepresentation);

   d.     By suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and

intent to mislead in its contractual agreements;

e.  By failing to disclose that Defendant either did not have access to or would not reimburse Plaintiff based upon the daily Average Wholesale Price;

f.  By failing to disclose the method upon which Defendant would determine the Average Wholesale Price of a brand name prescription medication;

g.  By failing to send Plaintiff enough information to make an informed decision regarding Defendant' AWP reimbursement program;

h.  By charging Plaintiff an unconscionable fee and engaging in unconscionable practices.

16. By intentionally, recklessly or negligently misrepresenting the nature of its brand name prescription reimbursement program, Defendant has taken advantage of Plaintiff, who based upon such misrepresentations, was misled into entering into the contracts and have suffered damages as a result. Moreover, by intentionally, recklessly or negligently misrepresenting the nature of its formula for determining AWP for reimbursement purposes, Defendant has taken advantage of Plaintiff, who based upon such misrepresentations, was misled into entering into the contracts and has suffered damages as a result.

17. Defendant suppressed this information, with the intent and ultimate result that Plaintiff would accept reimbursement without question or negotiation. At the time Defendant suppressed this information from Plaintiff, Defendant knew or should have known that they were under a duty to communicate the true nature of its brand name prescription reimbursement program.

18. By suppressing the nature of its AWP reimbursement program and not disclosing material information concerning such program, Defendant has taken advantage of Plaintiff, who

based upon such omissions, was misled into accepting less than full reimbursement. Defendant further suppressed the fact that they would not honor the terms of the parties' contractual agreement concerning timely and proper reimbursement and that they would not fully reimburse Plaintiff for AWP on brand name prescriptions. Such nondisclosure constitutes a suppression that Defendant knew or should have known and had a duty to communicate.

19.  Defendant's misrepresentations and suppression of material facts have damaged Plaintiff for which Plaintiff seeks restitution of the contract amount minus the amount reimbursed by Defendant, plus interest, as well as all other damages resulting from such misrepresentations and suppressions.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover compensatory and punitive damages.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

20.  Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

21.  A written contract exists between Plaintiff and Defendant. Plaintiff has fully performed its obligations under the terms of the contract. Defendant has failed to perform its obligations pursuant to the terms of the contract.

22.  Defendant's practice of failing to fully, properly and timely reimburse Plaintiff for brand name prescription medications as set out heretofore constitutes a breach of contract for which Plaintiff has been damaged. Moreover, Defendant's practice of failing to properly reimburse Plaintiff based upon daily AWP updates for brand name prescription drugs as set out heretofore

constitutes a breach of contract for which Plaintiff has been damaged. Defendant's practices caused Plaintiff to lose money. Plaintiff is entitled to compensatory damages in an amount equal to the contract amount minus the amount reimbursed by Defendant, plus interest.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover compensatory damages.

### THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

23. Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

24. Defendant, by suppressing from Plaintiff the material facts set forth herein, by misrepresenting the material facts set forth herein and by engaging in the other unlawful and/or wrongful conduct set out herein, knowingly obtained or exerted unauthorized control over Plaintiff's property with the intent to deprive Plaintiff of its property and/or knowingly obtained control over said property by deception and with the intent to deprive Plaintiff of its property by:

    a. creating or confirming an impression in Plaintiff which was false and which Defendant did not believe to be true; and/or

    b. failing to correct a false impression which Defendant previously created or affirmed; and/or

    c. failing to correct a false impression which Defendant were under a duty to correct; and/or

    d. preventing Plaintiff from acquiring information pertinent to the disposition of their property and/or the actions and/or inactions set out herein.

25. Such illegal and fraudulent conduct engaged in by Defendant has resulted in Defendant obtaining money, which in equity and good conscience, belongs to Plaintiff.

26. Plaintiff further requests that the Court impose a Constructive Trust on such monies and require Defendant to repay such monies to Plaintiff.

27. As a direct result thereof, Defendant has been unjustly enriched, and Plaintiff has been injured and damaged and seek recovery of all monies improperly procured or withheld.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover and is entitled to damages.

## FOURTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

28. Plaintiff adopts, re-alleges and incorporates herein each and every allegation above, as though fully set forth herein.

29. Plaintiff respectfully requests that this Honorable Court require Defendant to fully, properly and timely reimburse Plaintiff and that Defendant be required to properly reimburse Plaintiff using the "real time" Average Wholesale Price.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
Kenneth E. Riley
Attorney for Plaintiff

**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama 35203
(205) 324-1212

**PLEASE SERVE THE FOLLOWING DEFENDANT BY CERTIFIED MAIL:**

Express Scripts, Inc.
13900 Riverport Drive
Maryland Heights, Missouri 63043