IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC.; <br> AND CAM ENTERPRISES, INC. <br> d/b/a ALTADENA PHARMACY; <br><br> Plaintiffs, <br> v. <br><br> EXPRESS SCRIPTS, INC.; <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 3:06-cv-73-WKW <br> ) <br> ) <br> ) <br> ) |

**AMENDED AND RESTATED CLASS ACTION COMPLAINT**

COME NOW the Plaintiffs, PEARSON'S PHARMACY, INC. and CAM ENTERPRISES, INC. d/b/a ALTADENA PHARMACY, individually and on behalf of a class of all persons or entities throughout the United States who are similarly situated, and file this Complaint against the Defendant, EXPRESS SCRIPTS, INC. ("ESI" or "DEFENDANT"). In support thereof, the Plaintiffs state the following:

**NATURE OF THE CASE**

1. Through a fraudulent, unlawful and unfair course of conduct, Defendant has, over the course of years, knowingly, purposefully and willfully withheld reimbursement payments to Plaintiffs.

2. Plaintiffs are independently owned pharmacies. Defendant is an insurance company and/or pharmacy benefit management company. Plaintiffs entered into contractual agreements with Defendant pursuant to which Plaintiffs agreed to dispense prescription medication to Defendant's insureds and/or members. The contracts between Plaintiffs and Defendant contain a provision which

requires Defendant to reimburse Plaintiffs for filling name-brand medications at a rate which is determined by using the Average Whole Price ("AWP").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332.

4. Venue in this case is proper in this District, because a substantial portion of the conduct of the Defendant which forms the basis of this action occurred in this District, and personal jurisdiction may be obtained over Defendant in this District.

## PARTIES

5. Plaintiff Pearson's Pharmacy, Inc. is a resident citizen of Tallapoosa County, Alabama. Plaintiff CAM Enterprises, Inc. d/b/a Altadena Pharmacy is a resident citizen of Jefferson County, Alabama.

6. Defendant ESI is a foreign corporation which has its principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri 63043.

7. Plaintiffs bring this action as a nationwide class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. This class is more specifically defined as follows:

> all pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendant and/or its predecessors in interest, their successors in interest, and/or their subsidiaries and/or their related entities on or after January 26, 2000; but excluding (1) pharmacies and/or other similar entities who are currently in bankruptcy; (2) pharmacies and/or other similar entities whose obligations to Defendant has been modified or discharged in bankruptcy; (3) any governmental agency or entity and (4) any person or entity who, in accordance with any court approved notice, properly executes and submits a timely request for exclusion from the class.

## FACTUAL ALLEGATIONS

8.   Plaintiffs entered into contracts to dispense prescription medications for Defendant's insureds, members or clients. Beginning at a date unknown, Defendant began engaging in the unfair, unlawful, fraudulent, wrongful and deceptive practice of failing to fully, timely and properly reimburse Plaintiffs for filling prescriptions on behalf of its insureds, members or clients. This fraudulent conduct includes Defendant's failure to properly reimburse Plaintiffs the Average Wholesale Price ("AWP") of brand name prescription medications pursuant to the terms of the parties' contract.

9.   The contract between Plaintiffs and Defendant provides that Defendant will reimburse Plaintiffs an amount which is arrived at by using the Average Wholesale Price for filling a prescription for a Brand Name Drug. Despite Defendant's statement that Plaintiffs will be reimbursed AWP, Defendant fails to reimburse Plaintiffs in this manner. AWP is the average of the prices charged by national drug wholesalers for a given prescription drug. AWP is electronically updated by the manufacturer or distributor of the medication on a daily basis or in "real time." Accordingly, AWP is readily ascertainable and easily definable. AWP is reported to pharmacies, insurance companies, pharmacy benefit managers and the public by third-party publications such as Red Book, Blue Book and Medispan. Typically, pharmacy benefit reimbursement contracts, like the ones between Plaintiffs and Defendant, require pharmacy benefit managers to reimburse pharmacies based upon a percentage tied to AWP (i.e. AWP minus 15%) plus pay the pharmacy a dispensing fee (i.e. $2.00). Despite having access to updated "real time" AWP information, Defendant deliberately refuses to fully reimburse Plaintiffs at AWP according to the terms of the contract. Moreover, Defendant fails to timely and properly reimburse Plaintiffs according to the terms of their

contracts. Accordingly, Defendant retains monies that belong to Plaintiffs. Upon information and belief, Defendant engages in the unlawful, fraudulent and deceptive practice in order to increase its profits.

10. As a result of Defendant's conduct, Defendant has concealed and suppressed from Plaintiffs the true fact that Defendant do not have the intent to fully, properly or timely reimburse Plaintiffs in accordance with the terms of the parties' contractual agreement.

11. Defendant's policy and practice of failing to fully, properly and timely reimburse pharmacies has dramatically increased the profits of Defendant throughout the entire United States. Defendant has defrauded countless pharmacies based upon this practice and further has breached numerous contracts.

12. Plaintiffs have been damaged in that Plaintiffs have not been reimbursed pursuant to the terms of the contractual agreement with Defendant.

## FIRST CAUSE OF ACTION

### MISREPRESENTATION/SUPPRESSION

13. Plaintiffs adopt, re-allege and incorporate each and every allegation above, as though fully set forth herein.

14. At all times material hereto, Defendant was under a duty to not misrepresent the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts. This includes, but is not limited to, the AWP reimbursement program. Defendant intentionally, recklessly or negligently misrepresented that it would fully, properly and timely reimburse Plaintiffs for any prescription that Plaintiffs filled in accordance with the terms of their contractual agreement. Instead, Defendant did not intend to fully reimburse Plaintiffs pursuant to the terms of the contract.

These misrepresentations, both oral and written, were made at the time that Plaintiffs entered into their contracts with Defendants at Plaintiffs' places of business.

15.     Defendant intentionally misled Plaintiffs and putative class members as to the true nature and purpose of their brand name prescription drug reimbursement program. At the time Defendant made these representations to Plaintiffs, Defendant knew that these representations were false.

16.     Specifically, Defendant misrepresented to and/or suppressed from Plaintiffs the following information:

a.     that Defendant would not fully, timely and properly reimburse Plaintiffs;

b.     that Defendant would not reimburse Plaintiffs and putative class members according to the Average Wholesale Price (suppression);

c.     that Defendant would reimburse Plaintiffs and putative class members according to the Average Wholesale Price (misrepresentation);

d.     By suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;

e.     By failing to disclose that Defendant either did not have access to or would not reimburse Plaintiffs and putative class members based upon the daily Average Wholesale Price;

f.     By failing to disclose the method upon which Defendant would determine the Average Wholesale Price of a brand name prescription medication;

g.     By failing to send Plaintiffs and other pharmacies enough information to make an informed decision regarding Defendant' AWP reimbursement program;

  h. By charging Plaintiffs an unconscionable fee and engaging in unconscionable practices.

  17. By intentionally, recklessly or negligently misrepresenting the nature of its brand name prescription reimbursement program, Defendant has taken advantage of Plaintiffs, who based upon such misrepresentations, were misled into entering into the contracts and have suffered damages as a result. Moreover, by intentionally, recklessly or negligently misrepresenting the nature of its formula for determining AWP for reimbursement purposes, Defendant has taken advantage of Plaintiffs, who based upon such misrepresentations, were misled into entering into the contracts and have suffered damages as a result.

  18. Defendant suppressed this information, with the intent and ultimate result that Plaintiffs and other pharmacies would accept reimbursement without question or negotiation. At the time Defendant suppressed this information from Plaintiffs, Defendant knew or should have known that they were under a duty to communicate the true nature of its brand name prescription reimbursement program.

  19. By suppressing the nature of its AWP reimbursement program and not disclosing material information concerning such program, Defendant has taken advantage of Plaintiffs, who based upon such omissions, were misled into accepting less than full reimbursement. Defendant further suppressed the fact that they would not honor the terms of the parties' contractual agreement concerning timely and proper reimbursement and that they would not fully reimburse Plaintiffs for AWP on brand name prescriptions. Such nondisclosure constitutes a suppression that Defendant knew or should have known and had a duty to communicate.

  20. Defendant's misrepresentations and suppression of material facts have damaged

Plaintiffs for which Plaintiffs seek restitution of the contract amount minus the amount reimbursed by Defendant, plus interest, as well as all other damages resulting from such misrepresentations and suppressions.

WHEREFORE PREMISES CONSIDERED, Plaintiffs seek to recover compensatory and punitive damages for themselves and on behalf of the class.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

21.     Plaintiffs adopt, re-allege and incorporate each and every allegation set forth above as though fully set forth herein.

22.     A written contract exists between Plaintiffs and Defendant.  Plaintiffs have fully performed their obligations under the terms of the contracts.  Defendants have failed to perform their obligations pursuant to the terms of the contract.

23.     Defendant's practice of failing to fully, properly and timely reimburse Plaintiffs for brand name prescription medications as set out heretofore constitutes a breach of contract for which Plaintiffs have been damaged.  Moreover, Defendant's practice of failing to properly reimburse Plaintiffs based upon daily AWP updates for brand name prescription drugs as set out heretofore constitutes a breach of contract for which Plaintiffs have been damages.  Defendant's practices caused Plaintiffs to lose money.  Plaintiffs are entitled to compensatory damages in an amount equal to the contract amount minus the amount reimbursed by Defendant, plus interest.

WHEREFORE PREMISES CONSIDERED, Plaintiffs seek to recover compensatory damages for themselves and on behalf of the class.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

24. Plaintiffs adopt, re-allege and incorporate each and every allegation set forth above as though fully set forth herein.

25. Defendant, by suppressing from Plaintiffs the material facts set forth herein, by misrepresenting the material facts set forth herein and by engaging in the other unlawful and/or wrongful conduct set out herein, knowingly obtained or exerted unauthorized control over Plaintiffs' property with the intent to deprive Plaintiffs of its property and/or knowingly obtained control over said property by deception and with the intent to deprive Plaintiffs of its property by:

    a.    creating or confirming an impression in Plaintiffs which was false and which Defendant did not believe to be true; and/or

    b.    failing to correct a false impression which Defendant previously created or affirmed; and/or

    c.    failing to correct a false impression which Defendant were under a duty to correct; and/or

    d.    preventing Plaintiffs from acquiring information pertinent to the disposition of their property and/or the actions and/or inactions set out herein.

26. Such illegal and fraudulent conduct engaged in by Defendant has resulted in Defendant obtaining money, which in equity and good conscience, belongs to Plaintiffs.

27. Plaintiffs further request that the Court impose a Constructive Trust on such monies and require Defendant to repay such monies to Plaintiffs.

28. As a direct result thereof, Defendant has been unjustly enriched, and Plaintiffs

have been injured and damaged and seek recovery of all monies improperly procured or withheld.

WHEREFORE PREMISES CONSIDERED, Plaintiffs seek to recover and are entitled to damages for themselves and on behalf of the class.

### FOURTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

29. Plaintiffs adopt, re-allege and incorporate herein each and every allegation above, as though fully set forth herein.

30. Plaintiffs respectfully request that this Honorable Court require Defendant to fully, properly and timely reimburse Plaintiffs and putative class members and that Defendant be required to properly reimburse Plaintiffs and putative class members using the "real time" Average Wholesale Price.

### PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

/s/ James M. Terrell
Robert G. Methvin, Jr. (MET009)
James M. Terrell (TER015)
Attorneys for Plaintiffs

**OF COUNSEL:**
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
(205) 939-0199

Kenneth E. Riley
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama 35203
(205) 324-1212

**PLAINTIFFS WILL SERVE THE FOLLOWING DEFENDANT BY CERTIFIED MAIL:**

Express Scripts, Inc.
13900 Riverport Drive
Maryland Heights, Missouri 63043