IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil No. 3:06-cv-73-WKW |
| | ) |
| EXPRESS SCRIPTS, INC., | ) ORAL ARGUMENT |
| | ) REQUESTED |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Express Scripts, Inc. (ESI) respectfully submits this memorandum in support of its motion to dismiss Counts I and III of plaintiffs' amended complaint.

### Introduction

Count I of the amended complaint purports to state a cause of action for fraudulent and negligent omissions and misrepresentations, both oral and written. This Count does not comply with Rule 9(b) as it relates to misrepresentations, in that it does not identify the person who allegedly made the oral misrepresentations or the documents allegedly containing written misrepresentations. As to the alleged omissions, Count I neither identifies the source of those admissions or the time, place or circumstances in which they were made.

To the extent that it depends on omissions, Count I also fails to state a cause of action. Omissions are actionable as fraud under Alabama law only if

825259.1

there is a duty to disclose. Count I alleges no facts to support any such duty. In an arms' length business transaction such as this, ESI's only duty is to respond honestly to specific questions put to it. Count I does not allege that plaintiffs asked any specific questions, nor that ESI's responses were in any way incorrect.

Count III seeks a constructive trust on a theory of unjust enrichment. The only basis for the claim that ESI has been unjustly enriched is the fraud alleged in Count I. Since Count III is purely derivative of Count I, and Count I is defective, Count II cannot stand either.

## **Argument**

### I.  **Count I Does Not Comply With Rule 9(b).**

Count I purports to state a cause of action for either fraudulent or negligent misrepresentation or omission. The amended complaint does not identify a source for either the alleged misrepresentations or omissions. It does not identify the time, place or circumstances of the alleged omissions. Thus, the amended complaint entirely fails to comply with Rule 9(b).

Rule 9(b) requires that, for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Ala. Code § 6-5-101 allows an action for material misrepresentations "made willfully to deceive, or recklessly without knowledge," or "if made by mistake and innocently." Thus, all parts of the statute implicate Rule 9(b).

Under Alabama law, the essence of a misrepresentation claim is a false statement of a material fact, on which plaintiff relied to its detriment. Kelly v. UHC Mgmt. Co., 967 F.Supp. 1240, 1255 (N.D. Ala. 1997). Under the plain terms of the statute, it makes no difference whether that misrepresentation is the product of intentional as opposed to merely mistaken conduct.

As a result, Rule 9(b) applies as much to plaintiffs' claims for negligent misrepresentation as it does to intentional misrepresentation. Breeden v. Richmond Community College, 171 F.R.D. 189 (M.D.N.C 1997), provides the most thorough discussion of the rationale for applying Rule 9(b) to all forms of misrepresentation:

- "[T]he rule covers fraud and mistake and, thus, on its face is not limited to willful misrepresentations.' 171 F.R.D. at 199 (emphasis original).

- "The tort of negligent misrepresentation in North Carolina is primarily a fraud-based claim." Id. at 202 n.14.

- "[B]oth fraud and mistake are claims which, by their nature, involve mutual or unilateral confusion and/or delusion," so the rule necessarily "applies to actions wherein the major component involves significant delusion or confusion of a party, whether intentional or not." Id. at 202.

Each of these rationales is equally applicable to claims under Alabama law. Accord, Dealers Supply Co. v. Cheil Indus., Inc., 348 F.Supp. 2d 579, 590

(M.D.N.C. 2004); <u>Gibbs v. Republic Tobacco, L.P.</u>, 119 F.Supp. 2d 1288, 1294 (M.D. Fla. 2000).

To comply with Rule 9(b), it is necessary for the complaint to include "facts as to time, place, and substance of the defendant's alleged fraud." <u>U.S. ex rel. Clausen v. Laboratory Corp.</u>, 290 F.3d 1301, 1308 (11th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1105 (2003) (citations and internal punctuation omitted). The complaint "must allege the details of the defendants [sic] allegedly fraudulent acts, when they occurred, and who engaged in them." <u>Id.</u> Accord, <u>U.S. v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 882 (11th Cir. 2003), <u>cert. denied</u>, 542 U.S. 946 (2004) (Rule 9(b) requires "the precise statements, documents, or misrepresentations made" as well as the "person responsible for the statement").

The amended complaint is nowhere close to complying with those requirements. In ¶ 16, it alleges various sorts or alleged misrepresentations and omissions. In ¶ 14, it alleges that these misrepresentations were both oral and written. But it does not identify the person or persons allegedly responsible for the oral statements nor the documents that contain the written statements. Nor is there any identification of the time, place or circumstances of the alleged omissions.

Since the amended complaint plainly does not comply with Rule 9(b), the Court should dismiss it.

## II.     Count I Does Not Allege Any Factual Basis For A Duty To Disclose.

Most of the misconduct alleged in ¶ 16 has to do with omissions rather than misrepresentations. Omissions are actionable, if at all, only if there is some duty to disclose the omitted facts. The amended complaint contains no factual basis for imposing any such duty.

Ala. Code § 6-5-102 provides that suppression of a material fact is fraud if, but only if, the defendant is "under an obligation to communicate" that fact. "A party's mere silence as to a material fact does not constitute fraud unless that party is under a duty to disclose." Shutter Shop, Inc. v. Amersham Corp., 114 F.Supp. 2d 1218, 1225 (M.D. Ala. 2000). Accord, Glass v. Southern Wrecker Sales, 990 F.Supp. 1344, 1349 (M.D. Ala.), aff'd, 163 F.3d 1361 (11th Cir. 1998). The existence of such a duty "is a question of law to be determined by the trial judge." Cunningham v. H.A.S., Inc., 74 F.Supp. 2d 1157, 1163 (M.D. Ala. 1999).

Nothing in the amended complaint suggests that there is any confidential or fiduciary relationship between plaintiffs and ESI. On the contrary, this is an arms' length commercial transaction in which plaintiffs "entered into contractual agreements" with ESI pursuant to which they "agreed to dispense prescription medication" to employees of ESI's clients. ¶ 2.

In these circumstances, Alabama law applies a "bright line rule" to the duty to disclose. Shutter Shop, 114 F.Supp. 2d at 1225. "The parties have no general obligation to disclose." Id. They do have a "duty to respond truthfully and accurately to direct questions from the other." Id. (citations and internal

punctuation omitted). Accord, General Motors Corp. v. Bell, 714 So.2d 268, 281 (Ala. 1996). Nothing in the amended complaint alleges that ESI's "omissions" were in response to a direct question from plaintiffs.

In Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308 (11th Cir. 2000), defendant charged uninsured customers a higher price for prescription drugs than it charged insured customers. It did not disclose the differential pricing. The Eleventh Circuit acknowledged that pharmacists did have some fiduciary duties to their customers, but those duties did not extend to disclosure of differential pricing. The Court affirmed the District Court's order "that no duty to disclose can be located in Alabama law in this circumstance." 231 F3d at 1313.

The complaint does contain conclusory allegations that ESI had a duty to disclose. ¶¶ 18-19. In analyzing Rule 12(b)(6) motions, however, federal courts ignore these kinds of legal conclusions. Rather, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001), cert. denied, 534 U.S. 1129 (2002) (citations and internal punctuation omitted). Thus, "[c]onclusory allegations will not survive a motion to dismiss if not supported by facts." Municipal Utilities Board v. Alabama Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991) (internal punctuation omitted).

Count I does not provide any factual basis for imposing a duty of disclosure on ESI. Thus, it fails to state a cause of action to the extent that it relies on omissions.

### III. Count III Does Not State A Cause Of Action Because It Depends Entirely Upon Count I.

Count III purports to state a cause of action for unjust enrichment, for which it seeks a constructive trust. The sole basis upon plaintiffs claim that ESI has been unjustly enriched is the alleged fraud. For the reasons set forth in Points I and II, Count I is defective. Because Count III is wholly derivative of Count I, it too is defective.

### IV. The Motion To Dismiss Counts I And III Stays ESI's Time To Answer Counts II and IV.

ESI has not at this time sought to dismiss Counts II and IV of the amended complaint. Under the plain terms of Rule 12(b), however, a motion to dismiss "shall be made before pleading." And Rule 12(a)(4) provides that service of a motion under Rule 12 "alters these periods of time" for filing an answer.

The great majority of cases hold that "the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, 572 (E.D. Va. 2002), citing Finnegan v. University of Rochester Med. Ctr., 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998). That holding rests on the plain language of the Rule as well as "the interests of

efficiency for all parties, including the courts." 210 F.R.D. at 572. Accord, Business Incentives Co. v. Sony Corp., 397 F.Supp. 63, 64-65 (S.D.N.Y. 1975); Ricciuti v. New York Transit Auth., 1991 WL 221110 (S.D.N.Y. 1991) at *2; Alex. Brown & Sons v. Marine Midland Banks, 1997 WL 97837 (S.D.N.Y. 1997) at *6-7.

The one case to the contrary, Gerlach v. Michigan Bell Tel. Co., 448 F.Supp. 1168 (E.D. Mich. 1978), considers neither the text of Rule 12 nor the policy rationale behind it. No case has followed Gerlach on this issue and numerous cases have rejected it expressly and by name. E.g., Godlewski, 210 F.R.D. at 572; Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp. 2d 95, 122 (D. Mass 2001); Brocksopp Engineering, Inc. v. Bach-Simpson, Ltd., 136 F.R.D. 485, 486 (D. Wis. 1991).

The Eleventh Circuit has not directly addressed this issue. The reasoning in its opinion in Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997), however, supports the general rule. Plaintiffs filed a four-count complaint, the first three of which alleged straightforward products liability claims and the fourth of which alleged fraud. Mazda filed a motion to dismiss the fraud count.

The District Court did not rule on that motion. Instead, it required Mazda to provide discovery on the issue and ultimately granted a default judgment when Mazda did not fully comply. The Eleventh Circuit held that this was an abuse of discretion:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.
>
> . . . . Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d at 1367-68. The same reasoning argues in favor of tolling ESI's time to answer until the Court rules of the motion to dismiss.

## **Conclusion**

For these reasons, ESI respectfully prays that the Court dismiss Counts I and III of the amended complaint.

                                  Respectfully Submitted,

                                  /s Gregory C. Cook
                                  Gregory C. Cook (ASB-1088-O55G)
                                  Eric B. Langley (ASB -8139-E66E)
                                  Attorneys for Defendant
                                  Express Scripts, Inc.

**OF COUNSEL:**

Gregory C. Cook
Eric B. Langley
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426 (G. Cook)
Facsimile: 205-488-5870 (G. Cook)
Email: gcook@balch.com
Telephone: 205-226-8772 (E. Langley)
Facsimile: 205-488-5680 (E. Langley)
Email: elangley@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; or a copy has been served via first-class United States mail, postage prepaid, on counsel/parties as indicated by the Court's notice.

Kenneth E. Riley
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building
Suite 200
Birmingham, Alabama  35203

Robert G. Methvin, Jr.
James M. Terrell
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, Alabama  35205

           /s Gregory C. Cook
           Of Counsel