IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC.; ) | |
| AND CAM ENTERPRISES, INC. ) | |
| d/b/a ALTADENA PHARMACY; ) | |
| ) | |
|     Plaintiffs, ) | |
| v. ) | Civil Action No.: 3:06-cv-73-WKW |
| ) | |
| EXPRESS SCRIPTS, INC.; ) | |
| ) | |
|     Defendant. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COME NOW the Plaintiffs, PEARSON'S PHARMACY, INC. and CAM ENTERPRISES, INC. d/b/a ALTADENA PHARMACY, and provide the following Opposition to Defendant's Motion to Dismiss:

**INTRODUCTION**

On March 31, 2006, Defendant filed a Motion to Dismiss. In its motion, Defendant alleges that Plaintiffs' claims for misrepresentation/suppression and unjust enrichment should be dismissed, because Plaintiffs' Amended and Restated Complaint fails to satisfy the pleading requirements of Fed.R.Civ.P. 9(b). Defendant fails to acknowledge that Plaintiffs' complaint contains detailed factual allegations concerning Defendant's improper and fraudulent conduct (Amended and Restated Complaint, ¶¶ 8-12) and that Plaintiffs specifically plead the misrepresentations alleged to have been made by Defendant. (Amended and Restated Complaint, ¶ 16, ¶ 25). This satisfies Rule 9(b)'s pleading requirements, and Defendant's motion should be denied. Additionally, Defendant contends that it did not owe a duty to disclose any information to Plaintiff, and therefore, Defendant cannot

be liable for suppressing any information. As demonstrated herein, a viable claim for suppression exists. Accordingly, Defendant's motion should be denied.

I.    **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED.**

    A.    **Legal Standard Governing Defendant's Motion to Dismiss.**

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Additionally, a complaint may not be dismissed because a plaintiff's claims do not support the legal theory he or she relies upon since the court must determine if the allegations provide for relief on any possible theory. *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).

    B.    **Plaintiffs' Misrepresentation/Suppression Claim.**

Under Alabama law, Plaintiffs may succeed on a fraud claim if they show: (1) that Defendant misrepresented a material fact; (2) that Defendant made the misrepresentation willfully to deceive, or recklessly without knowledge; (3) that Plaintiffs relied upon the misrepresentation; and (4) that Plaintiffs incurred damage as a proximate consequence of the reliance. Ala. Code § 6-5-

101 (1975); *Harris v. M & S Toyota, Inc.*, 575 So.2d 74, 76 (Ala. 1991). Plaintiffs may also show that Defendant's failure to disclose, or suppression of, a material fact, rather than an affirmative misrepresentation, induced their reliance and proximately caused the damage. Ala. Code § 6-5-102 (1975); *Crigler v. Salac*, 438 So.2d 1375, 1381 (Ala. 1983).

    **1.**  **Plaintiffs Pled Fraud with Sufficiently Particularity**

  Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." The particularity requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985)(stating that "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8). Thus, to comply with Rules 8 and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of fraud." *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1311 (11th Cir. 2002). To that end, the "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specify the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* at 1310. However, the heightened pleading requirement of Rule 9(b) "may be relaxed somewhat if the defendant controls information required for proper pleading." *United States ex rel. Sanders v. East Ala. Healthcare Auth.,* 953 F.Supp. 1404, 1413 (M.D.Ala.1996).

  Plaintiffs' Amended and Restated Complaint satisfies the pleading requirements of Fed.R.Civ.P. 9(b) and Alabama law. Specifically, Plaintiffs allege:

> At all times material hereto, Defendant was under a duty to not misrepresent the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts. This includes, but is not limited to, the AWP reimbursement program. Defendant intentionally, recklessly or negligently misrepresented that it would fully, properly and timely reimburse Plaintiffs for any prescription that Plaintiffs filled in accordance with the terms of their contractual agreement. Instead, Defendant did not intend to fully reimburse Plaintiffs pursuant to the terms of the contract. These misrepresentations, both oral and written, were made at the time that Plaintiffs entered into their contracts with Defendants at Plaintiffs' places of business.

(Amended and Restated Complaint, ¶ 14). Moreover, in Paragraph 16 of the Amended and Restated Complaint, Plaintiffs expressly set forth the following misrepresentations made by Defendant:

- a. that Defendant would not fully, timely and properly reimburse Plaintiffs;

- b. that Defendant would not reimburse Plaintiffs and putative class members according to the Average Wholesale Price (suppression);

- c. that Defendant would reimburse Plaintiffs and putative class members according to the Average Wholesale Price (misrepresentation);

- d. By suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;

- e. By failing to disclose that Defendant either did not have access to or would not reimburse Plaintiffs and putative class members based upon the daily Average Wholesale Price;

- f. By failing to disclose the method upon which Defendant would determine the

     Average Wholesale Price of a brand name prescription medication;

 g. By failing to send Plaintiffs and other pharmacies enough information to make an informed decision regarding Defendant' AWP reimbursement program;

 h. By charging Plaintiffs an unconscionable fee and engaging in unconscionable practices.

Because Plaintiffs sufficiently allege that Defendant misrepresented a material fact (Amended and Restated Complaint, ¶ 16), that Defendant made the misrepresentation willfully to deceive, or recklessly without knowledge (Amended and Restated Complaint, ¶ 17), that Plaintiffs relied upon the misrepresentation (Amended and Restated Complaint, ¶ 17) and that Plaintiffs incurred damages as a proximate consequence of the reliance (Amended and Restated Complaint, ¶ 20), Plaintiffs' misrepresentation and suppression claims should not be dismissed.

 Next, Defendant argues that it cannot answer the allegations in the Amended and Restated Complaint, because the complaint does not "identify the person(s) who allegedly made the oral misrepresentations or the document(s) containing the alleged written misrepresentations." (Defendant's Motion to Dismiss, ¶ 1). This is simply untrue. Plaintiffs' Amended and Restated Complaint explicitly states that "[t]he contract between Plaintiffs and Defendant provides that Defendant will reimburse Plaintiffs an amount which is arrived at by using the Average Wholesale Price for filling a prescription for a Brand Name Drug. Despite Defendant's statement that Plaintiffs will be reimbursed AWP, Defendant fails to reimburse Plaintiffs in this manner." (Amended and Restated Complaint, ¶ 9). Additionally, Plaintiffs allege "[t]hese misrepresentations, both oral and written, were made at the time that Plaintiffs entered into their contracts with Defendants at

Plaintiffs' places of business." (Amended and Restated Complaint, ¶ 14). These assertions identify the misrepresentation, identify the documents that contains the misrepresentations and identify the party who made the misrepresentation – Defendant, Express Scripts. *See Seville Indus. Mach. Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984) (holding that, although plaintiff did not list dates, places or times of fraudulent acts, he nonetheless "adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud.").

In *General Cigar Company v. C.R. Carriers, Inc.,* 948 F.Supp. 1030, 1037 (M.D.Ala.1996), Judge Albritton concluded that because the essential purpose of Rule 9(b) is to ensure that the defendants are notified of the conduct complained of. Alleged fraudulent acts need not be attributed to certain defendants if the complaint "sufficiently describes the acts and provides defendants with sufficient information to answer the allegations." *Id.*; citing *Hinsdale Women's Clinic, S.C. v. Women's Health Care,* 690 F.Supp. 658, 663 (N.D.Ill.1988). Judge Albritton concluded that "even if a plaintiff does not indicate by which of the two individual defendants [a fraud was committed] the defendants are able to answer the allegations." *Id.* at 1037-1038.

In the instant action, Defendant cannot credibly argue that it cannot ascertain to whom Plaintiffs' allegations are directed. In the Amended and Restated Complaint, Plaintiffs clearly describe the fraudulent misrepresentations and allege that they are contained in the written contracts between the parties. Moreover, there is only one Defendant in this lawsuit. Accordingly, it cannot be asserted that Plaintiffs' allegations of misrepresentation are directed at any individual or entity other than Defendant, Express Scripts. If Judge Albritton concluded that a defendant is able to answer the allegations in a complaint when two individual defendants are involved but the plaintiff's

fraud allegations are directed generally to both defendants, it is certainly likely that Express Scripts can answer the allegations in Plaintiffs' Amended and Restated Complaint, when it is the only defendant named in this lawsuit.

### 2.     Plaintiffs' Suppression Claim Should Not Be Dismissed.

Defendant also argues that Plaintiffs' suppression claim should be dismissed, because the alleged particular circumstances do not give rise to a duty to disclose. This is incorrect. A duty to disclose may arise from the particular circumstances of the case. *See* Ala.Code § 6-5-102. These circumstances include "(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances." *State Farm Fire & Cas. Co. v. Owen,* 729 So.2d 834, 842-43 (Ala.1998). The Alabama Supreme Court has recognized that fraudulent concealment of facts after a contract has been made can support both a breach of contract claim and a fraud claim. *See Deupree v. Butner,* 522 So.2d 242, 244-45 (Ala.1988); *Herring v. Prestwood,* 414 So.2d 52, 57-58 (Ala.1982).

In *Deupree,* purchasers of a townhouse sued a corporate developer and its president, claiming breach of contract and fraud involving the developer's failure to construct a boat slip for a townhouse. The purchasers alleged that the developer's president fraudulently suppressed facts regarding the difficulty or impossibility of obtaining the necessary "submerged land lease" for the boat slip. *See Deupree,* 522 So.2d at 244. On appeal, the Alabama Supreme Court affirmed a jury verdict in favor of the purchasers on both their contract claim and their fraud claim. The Court, held in pertinent part as to the fraud claim, that the evidence was sufficient to show, as between the developer and the purchasers, a "special relationship" that gave rise to a duty to disclose. *See id.* at

246.

In *Herring,* the grantee of an option to purchase property sued the property owners/option grantors, alleging, *inter alia*, that the owners/grantors fraudulently suppressed the fact that, after signing the option contract, they had decided not to sell the property. *See* 414 So.2d at 55, 58. On application for rehearing, the Court upheld the jury verdict in favor of the grantee on the fraudulent-suppression claim. *See id.* at 58. Based upon the Alabama Supreme Court's decisions in *Deupree* and *Herring,* it cannot be said beyond a doubt that Plaintiffs can prove no set of facts showing a claim of fraudulent suppression against Defendant. *See also Beiersdoerfer v. Hilb, Rogal and Hamilton Co.*, 2005 WL 32403 (Ala. 2005) (holding that an insurance company owed a duty to disclose its intent not to honor an oral consulting agreement with a former employee, for purposes of the former employee's claim of suppression of a material fact, even though the former employee was a sophisticated businessman).

Defendant owed a duty to disclose the fact that it would not reimburse Plaintiffs according to the AWP on the date that Plaintiffs dispensed a brand name prescription medication. Plaintiffs and Defendant are parties to a contract that sets forth the reimbursement formula that Defendant will employ in calculating reimbursements to Plaintiffs. Defendant is violating the contract by not fully reimbursing Plaintiffs. Plaintiffs could not possess knowledge of this fact, because information relating to how and when Defendants update their AWP for reimbursement purposes lies exclusively within Defendant's control and possession. This particular fact is extremely valuable, because it is a fundamental basis for the contract between the parties. Moreover, Plaintiffs were unable to ascertain this fact prior to entering into the contract. Finally, custom and trade in the industry suggests that other PBMs update their AWP for reimbursement purposes on a daily basis. Therefore,

Plaintiffs' complaint states a claim for fraudulent suppression upon which relief can be granted, and Defendant's motion to dismiss should be denied.

###    C.    Plaintiffs' Unjust Enrichment Claim.

Next, Defendant contends that Plaintiffs cannot state a claim for unjust enrichment, because "[t]he only basis on which Plaintiffs claim that the enrichment was unjust is the fraud alleged in Count I. Since Count I is defective, the derivative Count III is also defective." (Defendant's Motion to Dismiss, ¶ 3). As demonstrated above, this is simply not the case. Plaintiffs possess a valid claim for misrepresentation and suppression against Defendant. Therefore, under Defendant's rationale, Plaintiffs' claim for unjust enrichment should not be dismissed.

Nonetheless, Plaintiffs maintain that recovery for unjust enrichment is not dependent upon them prevailing on the fraud claim. In fact, this case is a textbook example of a circumstance for which the unjust enrichment remedy was designed. In order to establish a claim of unjust enrichment under Alabama law, Plaintiffs may show that "the donor of the benefit. . .acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit. . .engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." *Jordan v. Mitchell,* 705 So.2d 453, 458 (Ala.Civ.App. 1997); *see also General Motors Acceptance Corp. v. Dubose,* 834 So.2d 67, 78-9 (Ala. 2002). Here, Express Scripts, through unconscionable or fraudulent conduct, retained monies that are rightfully owed to thousands of pharmacies, including Plaintiffs. These funds should be returned to the pharmacies who are owed them. As such, these facts are tailor made for the unjust enrichment remedy, and Plaintiffs' claim for unjust enrichment should not be dismissed.

**II.    LEAVE TO AMEND**

Even if the Court agrees with the arguments advanced by Defendant, Plaintiffs' claims should not be dismissed, as motions for leave to amend should be freely granted under these circumstances. A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a), which requires that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); accord *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001). In fact, a district court should only deny leave to amend "where [the] amendment would be futile." *Id.* In this instance, any of the purported deficiencies raised by Defendant in its motion can easily be cured by amending the complaint. *See Morrow v. Green Tree Servicing, LLC*, 360 F.Supp.2d 1246, 1251-52 (M.D. Ala. 2005) (Thompson, J.) (In deciding motion to dismiss, the district court allowed plaintiff leave to amend her complaint to satisfy the pleading requirements of 9(b) for her fraud claim and to properly plead her unjust enrichment claim).

WHEREFORE, Plaintiffs respectfully request the Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ James M. Terrell
ROBERT G. METHVIN, JR.
rgm@mmlaw.net
JAMES M. TERRELL
jterrell@mmlaw.net
Attorneys for Plaintiffs

**OF COUNSEL:**
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199
Fax: (205) 939-0399

**OF COUNSEL:**
Kenneth E. Riley
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Defendant
**Express Scripts, Inc.:**

Gregory C. Cook
Eric B. Langley
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306

Jeanine R. Bermel
Joseph P. Conran
Thomas Mckee Dee
Christopher Andrew Smith
Christopher John Valeriote
**HUSCH & EPPENBERGER, LLP**
The Plaza in Clayton Office Tower
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

/s/ James M. Terrell
OF COUNSEL