IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil No. 3:06-cv-73-wkw |
| EXPRESS SCRIPTS, INC., | ) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

Defendant Express Scripts, Inc. (ESI) respectfully submits this reply memorandum in support of its motion to dismiss Counts I and III of plaintiffs' amended complaint.

**Argument**

**I.   Count I Does Not Comply With Rule 9(b).**

ESI's initial memorandum established that Count I violates Rule 9(b) in three separate ways: (1) it does not identify the document containing the alleged written misrepresentations; (2) it does not identify the person who allegedly uttered the oral misrepresentations; and (3) it does not identify the time, place or circumstances of the alleged omissions.

Plaintiff claims that the complaint alleges that the contract is the source of the alleged written misrepresentations. Br. at 5. Paragraph 9 of the complaint does allege that the contract required ESI to reimburse plaintiff using Average

1

Wholesale Price (AWP). The complaint, as opposed to the memorandum, does not directly link that allegation to any misrepresentation. More important, the complaint alleges numerous misrepresentations apart from the method of pricing:

- That ESI "would fully, properly and timely reimburse Plaintiffs." Compl. ¶ 14.

- That ESI "misled Plaintiffs and putative class members as to the true nature and purpose" of ESI program. Compl. ¶ 15.

- That ESI "charg[ed] Plaintiffs an unconscionable fee and engag[ed] in unconscionable practices. Compl. ¶ 16(h).

The source of these alleged misrepresentations is unknown.

Plaintiff does not directly respond to ESI's argument that the complaint does not identify the person who allegedly made any oral misrepresentations. The closest it comes is the assertion that the complaint identifies "the party who made the misrepresentation – Defendant, Express Scripts." Memo. at 6.

As an inanimate corporation, ESI is incapable of saying anything to anybody. It can only act through people. The Eleventh Circuit requires plaintiff to identify "the time, place, **and person** responsible for the statement." United States v. Baxter Int'l, Inc., 345 F.3d 866, 883 (11th Cir. 2003) (emphasis added) (citing Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1380 (11th Cir. 1997)). Plaintiff's own brief acknowledges that it must plead "who engaged in" the alleged fraud. Br. at 3. The complaint does not, however, identify the person responsible for any alleged misrepresentations.

2

As far as ESI can tell, plaintiff has no response to ESI's argument that the complaint does not identify the time, place or circumstances of the alleged omissions. Plaintiff does claim that Rule 9(b)'s requirements are relaxed if the defendant controls the relevant information. Br. at 3. As explained in ESI's opening brief, there is a duty to disclose in a commercial transaction only if the other party asks a specific question. If plaintiff did ask specific questions of any ESI representative, it surely knows who that person was as well as the time, place and circumstances of the omission.

Plaintiff's only other argument on Rule 9(b) is that the complaint need not attribute fraudulent acts to any particular defendant if the complaint as a whole contains sufficient information for defendant to answer it. Br. at 6 (quoting General Cigar Co. v. CR Carriers, Inc., 948 F. Supp. 1030, 1037 (M.D. Ala. 1996)).

Plaintiff has taken General Cigar badly out of context. The complaint alleged that the two principals of CR had conspired with plaintiff's operations manager to generate phony invoices which the manager then paid. An attachment to the complaint included a 32-page list of invoice numbers, check dates and check amounts. 948 F. Supp. at 1037-38. With that degree of specificity, the Court held that it was unnecessary to allege which of the principals was responsible for which invoice.

The instant case has none of that detail. Most of plaintiff's allegations have to do with alleged omissions. But nothing in the complaint even hints at the time,

3

place and circumstances of the alleged omissions; the questions that created the duty to disclose; or the identity of the ESI representative(s) who allegedly failed to respond.

This is not some obscure procedural technicality. Plaintiff has filed this case as a putative class action. If the complaint did comply with Rule 9(b), it would instantly be apparent that individual issues predominate and the case can never be certified as a class. No doubt that explains why plaintiff does not want to comply with the Rule.

Plaintiff's desire to proceed with a class action, however, is not a basis for ignoring Rule 9(b). This Complaint does not do so and the Court should dismiss it.

## II.     Count I Does Not Allege Any Factual Basis For A Duty To Disclose.

ESI's opening memorandum established that Alabama has adopted a bright line test for disclosure in the context of an arms' length commercial transaction between business people. If one party asks a direct and specific question, the other party must respond truthfully. The complaint does not allege that plaintiff made any specific request of ESI and hence does not state a claim for suppression.

Numerous Alabama cases have recognized this basic rule. In addition to those cited in ESI's opening memorandum, see Norman v Amoco Oil Co., 558 So.2d 903, 905 (Al. 1990) ("'[w]hen the parties to a transaction are knowledgeable and capable of handling their affairs,' the obligation to disclose does not arise.")

4

quoting Trio Broadcasters, Inc. v. Ward, 495 So.2d 621, 624 (Al. 1986). Accord, Ex parte Ford Motor Credit Co., 717 So.2d 781, 787 (Al. 1997) (in an "arms' length commercial transaction . . . of a type he was more than adequately knowledgeable about," there is "no duty to disclose unless the information is specifically requested").[1]

Plaintiff's principal authority is Duepree v. Butner, 522 So.2d 242 (Al. 1988). That case involved the sale of a townhouse by the developer to a consumer, not an arm's length commercial transaction between sophisticated businesses. Herring v. Prestwood, 414 So.2d 52 (Al. 1982), holds only that fraud claims and contract claims are not necessarily inconsistent and says nothing about the circumstances in which a duty to disclose may arise.

Plaintiff's theory appears to be that it can state a cause of action for fraud by alleging that another party to a contract suppressed its intention not to honor the contract. If that theory is valid, then every alleged breach of contract also constitutes fraud. "Commercial realities considered, this is not the kind of disclosure contemplated by the legislature." Trio, 495 So.2d at 625.

---

[1] The allegations of non-disclosure here all relate to AWP. AWP is "the pricing benchmark for most pharmaceutical sales in the United States" and is readily available from several sources. In re Pharmaceutical Industry Average Wholesale Price Litigation, 230 F.R.D. 61, 67 (D. Mass. 2005). As an experienced retail pharmacy, plaintiff did not need protection or disclosure about the workings of AWP.

2347343.02

### III. Count III Does Not State A Cause Of Action Because It Depends Entirely Upon Count I.

ESI's opening memorandum established that the sole basis upon which plaintiffs claim that ESI has been unjustly enriched is the alleged fraud, so that Count III is wholly derivative of Count I. Plaintiff responds that the unjust enrichment count is "not dependent" on Count I because ESI retained monies "through unconscionable or fraudulent conduct." Br. at 9.

That is, of course, precisely the point. The only reason plaintiff claims ESI's conduct was unconscionable was the alleged fraud, so Count III is wholly derivative of Count I. If Count I does not comply with Rule 9(b), Count III must also be dismissed.

///

///

///

///

///

///

///

///

///

///

///

### Conclusion

For these reasons, ESI respectfully prays that the Court dismiss Counts I and III of the amended complaint.

Respectfully Submitted,

By:      /s/ Gregory C. Cook
GREGORY C. COOK (ASB-1088-O55G)
ERIC B. LANGLEY (ASB-8139-E66E)
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone:   (205) 226-3426
Facsimile:    (205) 488-5680

- and-

JOSEPH P. CONRAN (*pro hac vice*)
THOMAS M. DEE (*pro hac vice*)
**HUSCH & EPPENBERGER, LLC**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone:   (314) 480-1500
Facsimile:    (314) 480-1505

**ATTORNEYS FOR DEFENDANT EXPRESS SCRIPTS, INC.**

2347343.02

## **CERTIFICATE OF SERVICE**

 I herby certify that on this 5th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

Kenneth E. Riley (kriley@frplegal.com)
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building
Suite 200
Birmingham, Alabama 35203

Robert G. Methvin, Jr. (rgm@mmlaw.net)
James M. Terrell (jterrell@mmlaw.net)
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

              /s Christopher Andrew Smith

2347343.02