IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PEARSON'S PHARMACY, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil No. 3:06-cv-73-wkw |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF
REGARDING CIRCUMSTANCES IN WHICH AN ALLEGED
MISREPRESENTATION CONTAINED IN A CONTRACT CAN GIVE RISE TO
A CLAIM OF FRAUD**

On June 5th, 2006 this Court heard oral argument on Express Scripts, Inc.'s ("ESI") motion to dismiss. At oral argument, Plaintiffs conceded that the only alleged misrepresentation at issue in this case is the written contract:

> Plaintiffs concede that oral misrepresentation and injunctive relief claims may be dismissed without prejudice and state that they will rely on the written misrepresentation claim.

(Mins. June 5, 2006). Following these concessions, this Court ordered supplemental briefing on the following question: "Under Alabama law, in what circumstances can a misrepresentation contained within a written contract give rise to a claim of fraud?" (Order, June 5, 2006).

## Legal Analysis

A. **A Claim for Fraud Must Be Based Upon Representations "Independent" of the Contract.**

Actions for fraud and breach of contract are fundamentally different and require proof of different elements. "[I]t is a universally held principle that the mere failure to perform a contractual promise does not constitute fraud." *Hunt Petroleum Corp. v. State*, 901 So.2d 1, 10 (Ala. 2004) (concurring opinion). Under Alabama law, a plaintiff may not recover for fraud for a mere breach of a written contract unless there are "representations independent from the promises in the contract." *Riley v. Fairbanks Capital Corp.*, No. 2:04-cv-797, 2006 WL 317242, *4 (M.D. Ala. Feb. 9, 2006).

In *Riley*, this Court entered summary judgment against plaintiff on her claim of fraud arising from an alleged breach of contract, because the "factual allegations contained [in] her claim of fraudulent misrepresentation [were] the same claims she [made] in her breach of contract claim." *Id.* at *5. This Court held:

> A fraud claim that is based on the same set of factual allegations as a breach of contract claim "must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." "[I]t is a universally held principle that the 'mere failure to perform a [contractual] promise does not constitute fraud.'"

*Riley*, 2006 WL 317242, at *4 (citing *Hunt*, 901 So.2d at 9-10 (Houston, J. concurring)); *see also Picker Int'l, Inc. v. Parten*, 935 F.2d 257, 265 (11th Cir. 1991) (reasoning that plaintiff's evidence of fraud was insufficient because "[i]f it were [sufficient], the mere breach of a contract would be tantamount to fraud.").

2377697.03

2

The Supreme Court of Alabama's recent decision in *Hunt Petroleum Corp. v. State*, 901 So.2d 1 (Ala. 2004), which was relied upon by this Court in *Riley*, is instructive. Hunt entered a contract providing for rights to extract gas products from Mobile Bay in return for payment of 25% of the "gross proceeds." *Id.* at 2. The state filed suit for breach of contract and fraud, alleging that Hunt had miscalculated the gross proceeds by using a different formula. The trial court entered summary judgment on the breach of contract claim against Hunt, and a jury awarded damages on the fraud claim. *Id.* at 3. The Supreme Court of Alabama reversed the judgment for fraud.

In a detailed concurrence, Justice Houston described the difference between contract and fraud claims:

> I write specially to note . . . a problem that permeates this case and many other cases: a misunderstanding of the fundamental difference between claims of breach of contract and claims of fraud. . . . There is a distinct difference between the two claims, but I fear that distinction is all too often lost in Alabama. Simply put, *a plaintiff cannot convert the mere failure to perform or to fulfill a contractual promise into a fraud claim*, and that appears to be happening in this case.

*Hunt*, 901 So.2d at 9-10 (Houston, J. concurring) (emphasis original).

As in *Hunt*, the dispute in this case centers entirely on the correct interpretation of a contract term. In these circumstances, the alleged misapplication of a contract term cannot give rise to a fraud claim, because "a party to a contract may intentionally, and even in bad faith . . . break a contractual promise without that action becoming a fraud or other tort." *Hunt*, 901 So.2d at 14-15 (Houston, J. concurring).

Furthermore, Alabama has "consistently refused" to recognize the tort of bad faith. *American Cast Iron Pipe Co. v. Williams*, 591 So. 2d 854, 857 (Ala. 1991). Plaintiffs' suggestion that a mere breach of contract can constitute fraud would provide an end-run around this rejection and implicitly over-rule the Alabama Supreme Court's determination that a simple breach of contract does not give rise to an independent tort under Alabama law.

In this case, Plaintiffs have not alleged fraud based upon any alleged representations independent of the promises of the contract. To the contrary, Plaintiffs have conceded that the only misrepresentations they allege are those contained in the contract itself. Plaintiffs' sole allegation of fraud is that ESI allegedly misrepresented how it would calculate AWP under the contract. Consequently, Plaintiffs' claim is no more than a dispute over the correct interpretation of a contractual term. Under Alabama law, an alleged failure to perform a contractual term does not give rise to a fraud claim.

Accordingly, Plaintiffs do not state a claim for fraud based upon conduct independent of the contract and their fraud claim must arise, if at all, based upon a theory of promissory fraud.[1]

### B. Promissory Fraud Requires Specific Evidence of Intent Not to Perform and Intent to Deceive.

Some Alabama courts have recognized the doctrine of promissory fraud, based upon representations made with a present and specific intent not to perform coupled with

---

[1] Even if Plaintiffs had alleged some "independent" representation, all of their remaining fraud claims which are not based on an independent representation must still be dismissed – including the claims for all types of fraud other than intentional fraud. As ESI argued in its opening briefs, any fraudulent suppression claims would be dismissed for the additional reason that no duty to disclose existed with regard to the alleged suppressed facts.

2377697.03                                    4

intent to deceive. In light of the clear statement of law in *Riley* and *Hunt* that there can be no claim for fraud based upon misrepresentations contained in a contract, it is questionable whether Alabama courts recognize a claim for promissory fraud based solely upon alleged misrepresentations contained in a written contract.

To the extent that a claim for promissory fraud could exist, Plaintiffs must plead and prove the following elements:

> (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damages as a proximate consequence of the misrepresentation . . . (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive.

*Saia Food Distrib. and Club, Inc. v. Link From Ameritech, Inc.*, 902 So. 2d 46, 56-57 (Ala. 2004).

Accordingly, a party trying to establish promissory fraud faces a heavy burden—proof of specific intent not to perform at the time the representation was made, and proof of specific intent to deceive. This specific intent cannot be shown by merely pointing to non-performance (*i.e.*, breach of contract):

> Under Alabama law, one alleging fraud pertaining to the non-performance of future acts must show that the defendant not only intended to deceive, but at the time the representation was made the defendant had an intention not to perform, and that the representation must have been made with the intent not to perform. **The failure to perform a promised act is not in itself evidence of intent to deceive at the time the promise is made. If it were, the mere breach of a contract would be tantamount to fraud.**

*Picker Int'l*, 935 F.2d at 265 (emphasis added).

Further, an alleged negligent or even reckless failure to perform a contract cannot form the basis of a promissory fraud claim. *See Mulvaney v. Secor Bank*, 599 So.2d 1161, 1162 (Ala. 1992) ("a reckless misrepresentation cannot constitute fraud where the alleged misrepresentation relates to some future event."); *Saia*, 902 So.2d at 57 ("negligently failing to perform services does not rise to the level of promissory fraud"); *Terrell v. R & A Mfg. Partners, Ltd.*, 835 So. 2d 216, 230 (Ala. Civ. App. 2002) (finding mere mistake in performing contract insufficient to support promissory fraud).

Thus, under Alabama law, Plaintiffs could only state a claim of promissory fraud against ESI if they have specific evidence that ESI made representations with a present specific intent not to perform and a specific intent to deceive Plaintiffs. It is only under these very narrow circumstances that a claim for promissory fraud based upon the alleged breach of contract could possibly arise.

In this case, Plaintiffs' allegations of intent are less than precise. Certainly Plaintiffs allege that ESI intended to breach, but Paragraph 8 suggests that intent came "at a date unknown"; apparently <u>after</u> Plaintiffs entered into their contracts with ESI. At the same time, Paragraph 14 seems to suggest that the intent to breach was present at the outset. Both allegations cannot coexist.[2]

Because Plaintiffs have not clearly alleged the elements of a claim of promissory fraud, Counts I and III should be dismissed.

---

[2] Even if Plaintiffs subsequently attempt to cure this defect, they will have effectively pleaded themselves out of any possibility for a certifiable class. *See, e.g., Pipes v. American Sec. Ins. Co.*, 169 F.R.D. 382, 384, n. 2 (N.D. Ala. 1996) ("Fraud claims are almost always poor candidates for class certification because of the individual reliance issues required for recovery…").

### C. The Court Should Strike The Irrelevant And Immaterial Allegations in Plaintiffs' Complaint.

This Court may strike allegations in a complaint that contain "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs have already conceded that their oral misrepresentation and injunctive relief claims may be dismissed. And Plaintiffs have not alleged that there is a special relationship between the parties that would give rise to an extra-contractual duty to disclose. (Def.'s Motion to Dismiss at 5-7). This leaves Plaintiffs with allegations of breach of contract—and arguably—promissory fraud.

Even if the Court finds that Plaintiffs have sufficiently alleged the elements of promissory fraud, the Court should still strike Plaintiffs' allegations of negligent and reckless misrepresentation, suppression, and non-disclosure. These allegations are irrelevant and not drawn in conformity with the laws of Alabama, because they do not arise independent of the written contract and do not fit within the narrow exception of promissory fraud.

Accordingly, even if the Court allows Counts I and III to stand, ESI requests that the Court strike the following allegations:

- First Amended Complaint ("FAC") ¶ 10, p. 4 ("As a result of Defendant's conduct…terms of the parties' contractual agreement.");
- FAC ¶ 14, pp. 4-5 ("recklessly or negligently" and "both oral and");
- FAC ¶ 16, p. 5 ("and/or suppressed from");
- FAC ¶ 16(b), p. 5 ("That Defendant would not….Average Wholesale Price (suppression)");
- FAC ¶ 16(d), p. 5 ("suppressing and/or");

- FAC ¶ 16(e), p. 5 ("By failing to disclose…daily Average Wholesale Price.");
- FAC ¶ 16(f), p. 5 ("By failing to disclose…brand name prescription medication.");
- FAC ¶ 16(g), p. 5 ("By failing to send Plaintiffs and other pharmacies enough information…regarding Defendant' [sic] AWP reimbursement program.");
- FAC ¶ 17, p. 6 ("recklessly or negligently") (occurs twice);
- FAC ¶ 18, p. 6 ("Defendants suppressed this information….true nature of its brand name prescription reimbursement program.");
- FAC ¶ 19, p. 6 ("By suppressing…should have known and had a duty to communicate.");
- FAC ¶ 20, pp. 6-7 ("and suppression") (occurs twice);
- FAC ¶ 25, p. 8 ("by suppressing from Plaintiffs the material facts set forth herein");
- FAC ¶ 25(b), p. 8 ("failing to correct a false impression which Defendant previously created or affirmed; and/or");
- FAC ¶ 25(c), p. 8 ("failing to correct a false impression which Defendant were [sic] under a duty to correct");
- FAC ¶ 25(d), p. 8 ("preventing Plaintiffs…inactions set our herein."); and
- FAC ¶¶ 29-30, p. 9 (**FOURTH CAUSE OF ACTION INJUNCTIVE RELIEF** [¶¶]…Average Wholesale Price.").

## Conclusion

As discussed above, there are very limited circumstances where a plaintiff may prevail on an allegation that a written contract provides the basis of a claim for fraud. In this case, because Plaintiffs have admitted that the only misrepresentations they alleged are those contained within the contract itself, Plaintiffs must plead and prove that ESI did not intend to perform at the time that it entered into the contract and that ESI acted with specific intent to deceive Plaintiffs. Even assuming Plaintiffs plead promissory fraud, the

remaining allegations in Plaintiffs' Complaint are irrelevant, immaterial, and unsupported by Alabama law, and the Court should strike those allegations.

        Respectfully Submitted,

        By: /s/ GREGORY COOK
        GREGORY C. COOK (ASB-1088-O55G)
        ERIC B. LANGLEY (ASB-8139-E66E)
        **BALCH & BINGHAM LLP**
        Post Office Box 306
        Birmingham, Alabama 35201-0306
        Telephone: (205) 226-3426
        Facsimile: (205) 488-5680

        - and-

        JOSEPH P. CONRAN (*pro hac vice*)
        THOMAS M. DEE (*pro hac vice*)
        CHRISTOPHER SMITH (*pro hac vice*)
        **HUSCH & EPPENBERGER, LLC**
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        Telephone: (314) 480-1500
        Facsimile: (314) 480-1505

        **ATTORNEYS FOR DEFENDANT EXPRESS SCRIPTS, INC.**

## CERTIFICATE OF SERVICE

      I herby certify that on this 12th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

Kenneth E. Riley (kriley@frplegal.com)
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building
Suite 200
Birmingham, Alabama 35203

Robert G. Methvin, Jr. (rgm@mmlaw.net)
James M. Terrell (jterrell@mmlaw.net)
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205


                                    /s      CHRISTOPHER SMITH