IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC.; ) | |
| AND CAM ENTERPRISES, INC. ) | |
| d/b/a ALTADENA PHARMACY; ) | |
| ) | |
|     Plaintiffs, ) | |
| v. ) | Civil Action No.: 3:06-cv-73-WKW |
| ) | |
| EXPRESS SCRIPTS, INC.; ) | |
| ) | |
|     Defendant. ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING CIRCUMSTANCES
IN WHICH AN ALLEGED MISREPRESENTATION CONTAINED
IN A CONTRACT CAN GIVE RISE TO A CLAIM OF FRAUD**

COME NOW the Plaintiffs, PEARSON'S PHARMACY, INC. and CAM ENTERPRISES, INC. d/b/a ALTADENA PHARMACY, and provide the following Supplemental Brief addressing the issues raised in the Court's Order dated June 5, 2006.

**ARGUMENT**

    A.    **Plaintiff's Fraud Claim Should Not be Dismissed**

Contrary to Defendant's assertion, claims for both breach of contract and fraud can arise from the facts surrounding the execution of a contract. In *National Sec. Fire & Cas. Co. v. Vintson*, 414 So.2d 49 (Ala. 1982), the Alabama Supreme Court squarely addressed this issue and determined that a plaintiff can submit both a breach of contract claim and a misrepresentation claim to the jury for consideration. Specifically, the Court held:

> We hold that in the narrow situation, such as the one in this case, where the plaintiff claims misrepresentation in the inception of the contract, *i.e.*, where the agent misrepresents the moment in time that the policy will take effect, ***the plaintiff has the right to present his case to the jury under either a breach of contract theory or***

1

>  ***the tort of misrepresentation or both***, because the same facts could support a finding that the contract did exist, even though the agent misrepresented the time of its inception.
>
> The plaintiff may then elect to submit either theory, or both, to the factfinder, ARCP 8(a), with the proper instructions by the court to the jury that it must determine whether one, or both, of these theories are supported by the evidence, if at all. If the jury returns a verdict for the plaintiff, it may only award damages under one of the theories, not both. However, the choice rests with the jury. *See, USF&G v. McKinnon*, 356 So.2d 600 (Ala. 1978).

*Id.* at 51.

*Vintson* recognizes that a plaintiff who pleads fraud at the inception of a contract may submit both a breach of contract claim and a fraud claim to the jury, however, he or she may only recover damages for one of the claims. Moreover, the Alabama Supreme Court has held that if fraud at the inception of the contract is not plead, then a plaintiff may recover damages for *both* fraud and breach of contract. *See Deupree v. Butner*, 522 So.2d 242 (Ala. 1988). In *Deupree*, 522 So.2d 242 (Ala. 1988), the defendant argued that the plaintiffs could not recover for both fraud and breach of contract, because both claims arose from the same transaction. *Id.* at 244. However, the Court held that "the fraud alleged in this case was not fraud in the inception of the contract, but in fraudulent concealments after the contract was made, and that the facts of this case could support both a breach of contract claim and a fraud claim." *Id.* Accordingly, regardless of whether the Court determines that Plaintiff's claim of fraud relates to the inception of the contract, the fraud claim and the breach of contract claim should be not dismissed.[1]

---

[1] The decisions in *Vintson* and *Deupree* are analagous to bad faith failure to pay in insurance cases. The Alabama Supreme Court has recognized that an insurance agent's misrepresentations to a buyer that an insurance policy will cover them may allow the buyer to recover "not only under the contract itself, but also for the tortious bad faith refusal to pay under the policy." 414 So.2d at 50; citing *Chavers v. National Sec. Fire & Cas. Co.*, 405 So.2d 1 (Ala. 1981).

Finally, Plaintiff respectfully submits that its claims for misrepresentation and/or suppression should not be dismissed based upon Justice Houston's concurring opinion in *Hunt Petroleum Corp. v. State*, 901 So.2d 1, 10 (Ala. 2004).[2] As demonstrated above, Plaintiff asserts that Alabama law allows claims for misrepresentation and breach of contract based upon the same set of facts. Since Justice Houston's concurring opinion was not adopted by a majority of the Alabama Supreme Court, it is not binding precedent and may be disregarded by the Court in reaching its decision in this case.

   B.   **Plaintiff is Permitted to Plead Alternative Theories of Recovery Under Alabama Law**

The Alabama Supreme Court's decisions in *Vintson* and *Deupree* are consistent with Alabama procedure. The Alabama Rules of Civil Procedure allow a plaintiff to plead alternative theories of recovery. *See* Ala.R.Civ.P. 8(e)(2); *see also Ex parte King*, 591 So.2d 464 (Ala. 1991). Ala.R.Civ.P. 8(e)(2) provides, in pertinent part[3]:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds, or on both.

As the Court in *Vintson* held, "the plaintiff has the right to present his case to the jury under either a breach of contract theory or the tort of misrepresentation or both. . ." 414 So.2d at 51. While Plaintiffs may ultimately be required to elect a remedy or the potential jury in this case may be

---

[2] Importantly, *Hunt* and this Court's decision in *Riley v. Fairbanks Capital Corp.*, 2006 WL 317242 (M.D.Ala. Feb. 9, 2006) were not decided at the motion to dismiss stage. Instead, both were decided on motions for summary judgment after the parties presumably had the opportunity to engage in discovery.

[3] Fed.R.Civ.P. 8(e)(2) is virtually identical.

3

instructed that they cannot return a verdict of liability for both breach of contract and misrepresentation, these claims should not be dismissed at this early stage of the litigation.

    **C.    Defendant Improperly Mischaracterizes Plaintiff's Claims as Promissory Fraud**

Despite having not plead a claim for promissory fraud in their Complaint, Defendant nonetheless attempts to couch Plaintiffs' claims for misrepresentation and/or suppression[4] as promissory fraud. Plaintiffs respectfully submit that the Court should deny Defendant's request to treat Plaintiff's misrepresentation and/or suppression claims as a promissory fraud claim. First and foremost, Defendant's briefing on this issue goes well beyond the question raised by the Court in its Order dated June 5, 2006. Second, Plaintiffs' Complaint alleges that Defendant intentionally, recklessly and/or negligently misrepresented material facts to Plaintiffs. (Amended and Restated Complaint, ¶¶ 14-19). These are claims for misrepresentation and/or suppression, not promissory fraud. Plaintiffs, as masters of their complaint, do not assert a claim for promissory fraud. Therefore, Defendant should not be allowed to twist Plaintiffs' misrepresentation and/or suppression claims into a claim for promissory fraud.

    **D.    The Court Should Reject Defendant's Request to Strike Certain Allegations in Plaintiffs' Complaint**

Plaintiffs respectfully request that the Court deny Defendant's request to strike certain allegations in Plaintiff's Complaint. Again, Defendant's briefing goes beyond the question raised by the Court in its Order. Additionally, the Court noted in its Minute Order entered on June 5, 2006

---

[4]Contrary to Defendant's assertion, Plaintiffs' suppression claim does not fail even if the Court determines that a confidential relationship does not exist between the parties. *See Barton v. American Red Cross*, 829 F.Supp. 1290, 1307 (M.D.Ala. 1993)(Thompson, J.)(holding that "Alabama's fraudulent suppression statute allows recovery even in the absence of a confidential relationship between the parties."), *aff'd* 43 F.3d 678, *cert. denied* 116 S.Ct. 84, 516 U.S. 822, 133 L.Ed.2d 41, *reh'g denied* 116 S.Ct. 550, 516 U.S. 1002, 133 L.Ed.2d 452, *aff'd* 43 F.3d 679.

that Plaintiff conceded certain claims and that these claims would be dismissed. Defendant's request that additional allegations be stricken is both improper and contrary to Alabama law regarding misrepresentation and/or suppression.

WHEREFORE, Plaintiffs respectfully request the Court deny Defendant's Motion to Dismiss.

                                                  Respectfully submitted,

                                                  /s/ James M. Terrell
                                                  ROBERT G. METHVIN, JR.
                                                  rgm@mmlaw.net
                                                  JAMES M. TERRELL
                                                  jterrell@mmlaw.net
                                                  Attorneys for Plaintiffs

**OF COUNSEL:**
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199
Fax: (205) 939-0399

**OF COUNSEL:**
Kenneth E. Riley
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, AL 35203

**CERTIFICATE OF SERVICE**

 I hereby certify that on June 19, 2006, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Defendant
**Express Scripts, Inc.:**

Gregory C. Cook
Eric B. Langley
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306

Jeanine R. Bermel
Joseph P. Conran
Thomas Mckee Dee
Christopher Andrew Smith
Christopher John Valeriote
**HUSCH & EPPENBERGER, LLP**
The Plaza in Clayton Office Tower
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

            /s/ James M. Terrell
            OF COUNSEL