IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CASE NO. 3:06-cv-73-WKW |
| | ) |
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Express Scripts, Inc.'s ("ESI") Motion to Dismiss (Doc. # 8). For the reasons that follow, defendant's motion is due to be GRANTED.

**I.  FACTS AND PROCEDURAL HISTORY**

Pearson's Pharmacy, Inc. ("Pearson's"), and CAM Enterprises, Inc., d/b/a Altadena Pharmacy ("CAM"), brought suit against ESI alleging (1) fraud; (2) breach of contract; (3) unjust enrichment and constructive trust; and (4) the need for injunctive relief.  Pearson's and CAM are pharmacies, and ESI is a pharmacy benefit management company.  ESI contracts with pharmacies, as a representative of third party payors, to reimburse the cost of prescription medications sold by the pharmacies.  At a time unknown, the parties entered into a contract in which ESI would reimburse the plaintiffs for prescription medications based upon an Average Wholesale Price ("AWP").[1]

"AWP[, according to plaintiffs,] is the average of the prices charged by national drug wholesalers for a given prescription drug." (Am. Compl. ¶ 9.)  Plaintiffs contend that AWP is

---

[1] Plaintiffs have conceded that they do not have the actual contract of the parties; however, they base their contract allegations on the allegedly similar language of contracts between ESI and other pharmacies.

"readily ascertainable and easily definable . . . . [having been published in] Red Book, Blue Book and Medispan," as well as being reported to all interested parties. *Id.* The bottom line of plaintiffs' breach of contract allegation is that ESI "deliberately refuses to fully reimburse [them] at AWP according to the terms of the contract." *Id.* Plaintiffs also allege that ESI never intended to abide by the contract, intentionally misled plaintiffs as to the purpose of the program, and was under a duty not to misrepresent the program. Further, plaintiffs allege that they entered into the contract with the defendant based upon a misrepresentation by the defendant as to the pricing formula for AWP. Plaintiffs attempt to articulate the fraudulent misrepresentations and/or suppressions, both written and oral, in the following language of their complaint:

    a.    that Defendant would not fully, timely and properly reimburse Plaintiffs;

    b.    that Defendant would not reimburse Plaintiffs and putative class members according to the Average Wholesale Price (suppression);

    c.    that Defendant would reimburse Plaintiffs and putative class members according to the Average Wholesale Price (misrepresentation);

    d.    By suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;

    e.    By failing to disclose that Defendant either did not have access to or would not reimburse Plaintiffs and putative class members based upon the daily Average Wholesale Price;

    f.    By failing to disclose the method upon which Defendant would determine the Average Wholesale Price of a brand name prescription medication;

   g. By failing to send Plaintiffs and other pharmacies enough information to make an informed decision regarding Defendant'[s] AWP reimbursement program;

   h. By charging Plaintiffs an unconscionable fee and engaging in unconscionable practices.

(*Id.* ¶ 16.)

  The court held oral argument on defendant's motion to dismiss count I (fraud) and count III (unjust enrichment and constructive trust). During argument, plaintiffs conceded that their claims for injunctive relief and oral misrepresentation are to be dismissed without prejudice. Further, plaintiffs clarified their position that they are merely alleging a written misrepresentation in the contract as the *only* basis for their fraud and suppression claims. The defendants argued that, at best, plaintiffs can maintain only promissory fraud, rather than fraud arising from a term within the contract. The parties have fully briefed their respective positions on the instant motion.

## II. STANDARD OF REVIEW

  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citation omitted). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most

favorable to the plaintiff). The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1974.

### III. DISCUSSION

Defendant moves for dismissal as to the plaintiffs' fraud, suppression, and unjust enrichment and constructive trust claims. The court will address the issues in turn. First, with respect to plaintiffs' claim of fraud, the ultimate issue for consideration is whether a written misrepresentation in a contract can give rise to fraud under Alabama law. The court finds that, in this situation, it does not. Second, the defendant did not owe a duty to disclose relevant facts to plaintiffs, which leaves plaintiffs' suppression allegation without merit. Third, plaintiffs have a valid remedy at law for any alleged breach of contract requiring the dismissal of plaintiffs' unjust enrichment and constructive trust claim.

*A.   Fraudulent Misrepresentations*

During oral argument on defendant's motion to dismiss, plaintiffs clarified to the court that the only misrepresentation they can point to with specificity is the allegedly ambiguous meaning of the term "AWP" in the contract. Defendant responds that fraud cannot arise solely out of a written misrepresentation in a contract and that, at best, plaintiffs are left with promissory fraud. The plaintiffs insist that they are not alleging promissory fraud. (Hr'g Tr. 37:3-4.) The court agrees with the defendant that an alleged written misrepresentation in a contract, without more, cannot be actionable as fraud in Alabama.

"The elements of fraud are (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Allstate*

4

*Ins. Co. v. Eskridge*, 823 So. 2d 1254, 1258 (Ala. 2001) (citation omitted). "A mere breach of a contractual provision is not sufficient to support a charge of fraud." *Brown-Marx Assoc., Ltd. v. Emigrant Sav. Bank*, 703 F.2d 1361, 1370-1371 (11th Cir. 1983) (citing *McAdory v. Jones*, 71 So. 2d 526, 528 (Ala. 1954); *see also Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 10 (Ala. 2004) (Houston, J., concurring) (explaining that " to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud.")

 Under Alabama law, the plaintiffs must aver that there were either oral or written misrepresentations made before the signing of the contract or during the performance of the contract. Plaintiffs cannot convert a typical breach of contract into a fraud action without satisfying the elements of both actions. As noted, plaintiffs have admitted that the only misrepresentation that they can point to with specificity is the ambiguous meaning of the term AWP as used in the contract. Specifically, the plaintiffs allege that "it says in the contract [defendant] will pay [plaintiffs] AWP, and [defendant] [didn't] pay AWP." (H'rg Tr. 18:24-25.) Further, it is alleged that "[the defendant has] misrepresented what they're going to pay [the plaintiffs]". (*Id.* 20:10-11.) In essence, the plaintiffs' fraud claim is that, although the contract requires the defendant to reimburse plaintiffs according to AWP, the defendant has not paid AWP as defined by the plaintiffs. This dispute boils down to the interpretation of an undefined or ambiguous contract term.

 Plaintiffs cite two cases in support of their fraud claim. However, those cases are inapposite to these facts. *See Deupree v. Butner*, 522 So. 2d 242 (Ala. 1988); *National Sec. Fire & Cas., Inc. v. Vintson*, 414 So. 2d 49 (Ala. 1982). In *Deupree*, the plaintiffs purchased a Florida townhouse

from a developer under a contract that required the developer to build a boat slip. A boat slip required a submerged land lease, but the developer ran into various problems obtaining one. A public hearing was scheduled prior to the closing, but the developer asked that his application for the lease be put on hold. The developer then continued to build the boat slip while informing the Florida Department of Natural Resources ("DNR") that the slip was being built by the purchasers. He told the purchasers a different story - - that there would be no problem in securing permission for the boat slip, a representation that was false.

The purchasers sued the developer for breach of contract and fraud. The Alabama Supreme Court held that there were "fraudulent concealments *after* the contract was made, and that the facts of [the case] could support both a breach of contract claim and a fraud claim." *Deupree,* 522 So. 2d at 244 (emphasis added).[2] The court found that there was evidence that

> (1) [the developer] had been informed by DNR that all applications for leases for docks . . . were being closely scrutinized; (2) a number of local objections to his application for a submerged land lease had been filed; (3) a public hearing on the application was necessary; (4) he had requested that the application be put "on hold"; and (5) that he had continued to build the boat slips and had told DNR that the construction was being carried on by the townhome owners.

*Id.* at 245. This evidence, *independent of the contractual promise*, was proof of fraud by the developer. There is no such evidence alleged in the instant action.

In *Vintson*, an insurance agent made representations to a mobile home resident that the resident had insurance at the moment that he filed the application with the agent. The application was completed and filed, and the initial premium was paid to the agent. A few days later, the mobile

---

[2] In *Hunt*, Justice Houston commented that *Deupree* was a case about fraud in the inducement rather than fraudulent concealment because the developer induced the purchasers to close on the townhouse. *Hunt*, 901 So. 2d at 10.

home was damaged by fire, and a claim was submitted for fire damage. The insurance company rejected the claim because it had only just received the application and had not yet issued a policy. The resident sued the insurance company for fraud and breach of contract.

The Alabama Supreme Court held that the resident could assert both a fraud and breach of contract action against the insurance company. The court stated:

> We hold that in the narrow situation, such as the one in this case, where the plaintiff claims misrepresentation in the inception of the contract, *i.e.,* where the agent misrepresents the moment in time that the policy will take effect, the plaintiff has the right to present his case to the jury under either a breach of contract theory or the tort of misrepresentation or both, because the same facts could support a finding that the contract did exist, even though the agent misrepresented the time of its inception.

*Vintson*, 414 So. 2d at 51. The holding in *Vintson* was a technical question about whether the plaintiff could allege breach of contract when there was a dispute as to the existence of a contract. Even if the jury found a valid contract in *Vintson*, the alleged fraudulent misrepresentation of the agent as to the commencement of the policy was independent of the fire coverage in the contract. Unlike *Vintson*, the plaintiffs in this action have not specifically alleged a written or oral misrepresentation extraneous to the face of the contract. The plaintiffs merely rest on the allegation that there was a provision in the contract that defendant would pay to them AWP, and, because the defendant allegedly breached that provision, then the defendant committed fraud.

This situation is a classic breach of contract claim, rather than a claim for fraudulent misrepresentation. Because an undefined or ambiguous term in a contract, without more, cannot give rise to a claim of fraud, plaintiffs' claim of fraudulent misrepresentation based upon a term in the contract is due to be dismissed with prejudice. Moreover, plaintiffs' claim of an extraneous oral or written fraudulent misrepresentation is dismissed without prejudice in view of the plaintiffs'

concession that they failed to plead a misrepresentation with specificity. *(See* H'rg Tr. 34:7-8.)

**B.    *Fraudulent Suppression***

Plaintiffs argue that ESI was under a duty to disclose relevant facts and by misrepresenting these relevant facts, the defendant engaged in suppression. The defendant responds that in a corporate transaction a duty to disclose only arises when a question is asked. The defendant further points out that plaintiffs asked no question in this transaction that was not answered truthfully.

Alabama law provides that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala. Code § 6-5-102 (1975). To state a claim of fraudulent suppression, the plaintiffs must establish "(1) that [ESI] had a duty to disclose [the] material existing fact; (2) that [ESI] suppressed this material fact; (3) that [ESI's] suppression of this fact induced [them] to act or to refrain from acting; and (4) that [they] suffered actual damage as a proximate result." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998). "[W]ithout a duty to disclose, there can be no recovery for suppression." *Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C.*, 932 So. 2d 883, 891 (Ala. 2005). "A duty to speak depends on the relation of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances." *Deupree,* 522 So. 2d at 245. "When the parties to a transaction deal with each other at arm's length, with no confidential relationship, no obligation to disclose information arises when the information is not requested." *Mason v. Chrysler Corp.*, 653 So. 2d 951, 954-955 (Ala. 1995); *see also Freightliner, L.L.C.,* 932 So. 2d at 892 (Ala. 2005); *Shutter Shop, Inc. v. Amersham Corp.,* 114 F. Supp. 2d 1218, 1225 (M.D. Ala. 2000) ("Alabama law presumes that the parties are capable of handling their own affairs and guarding their interests by

asking reasonably specific, direct questions that will satisfy their need for information.")

It is undisputed that the parties engaged in a corporate transaction; there is no reason to doubt that, as corporate entities, the parties participated in arm's length negotiations. Plaintiffs did not plead a confidential or special relationship that would give rise to a duty to disclose. Moreover, for plaintiffs to plead with specificity their suppression claim, they must point to a specific question that was directly asked of the defendant, the answer to which the defendant misrepresented. However, the plaintiffs concede that they did not plead with specificity, nor can they at this stage of the proceedings, an oral misrepresentation. Because the plaintiffs concede that there is no oral misrepresentation by the defendant, the court concludes that there was no direct question asked of the defendant by the plaintiff. For these reasons, the fraudulent suppression claim fails.

C.    *Constructive Trust and Unjust Enrichment*

Plaintiffs aver that the defendant engaged in "illegal and fraudulent conduct . . . [that] has resulted in Defendant obtaining money, which in equity and good conscience, belongs to Plaintiffs." (Am. Compl. ¶ 26.) Defendant responds that the plaintiffs' claim for constructive trust and unjust enrichment fails if the court dismisses the count of fraud. The court agrees with the defendant that the constructive trust and unjust enrichment claim should be dismissed.

A constructive trust is a creature of equity. "[A] constructive trust will be found when property has been either acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it." *Brothers v. Fuller*, 607 So. 2d 135, 137 (Ala. 1992) (citation and quotation marks omitted). "[A]ctual or intentional fraud is not an essential element of a constructive trust . . . . A constructive trust may be imposed to prevent unjust enrichment, without regard to actual fraud . . . ." *Cole v. Adkins*, 358 So. 2d 447, 450 (Ala. 1978) (citation and quotation

marks omitted). However, "the presence of an adequate remedy at law precludes the enforcement of a constructive trust . . . ." *See American Family Care, Inc. v. Irwin*, 571 So. 2d 1053, 1061 (Ala. 1990) (citation omitted). The court finds that plaintiffs have an adequate remedy at law for damages under a theory of breach of contract. Therefore, the plaintiffs' unjust enrichment and constructive trust count is due to be DISMISSED with prejudice.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that

1. Defendant's Motion to Dismiss (Doc. # 8) is GRANTED;

2. Plaintiffs' claim alleging fraudulent misrepresentation based entirely upon a written misrepresentation in the contract is DISMISSED with prejudice;

3. Plaintiffs' claim alleging fraudulent misrepresentation based upon an extraneous, oral or written misrepresentation is DISMISSED WITHOUT PREJUDICE;

4. Plaintiffs' claim of suppression is DISMISSED with prejudice; and

5. Plaintiffs' claim for unjust enrichment and constructive trust is DISMISSED with prejudice.

DONE this 7th day of June, 2007.

                                                /s/ W. Keith Watkins
                                                UNITED STATES DISTRICT JUDGE