IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 3:06-cv-73-wkw |
| ) | |
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Defendant. ) | |

**EXPRESS SCRIPTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Express Scripts, Inc. ("ESI"), by and through counsel, hereby responds to Plaintiffs' Amended and Restated Class Action Complaint (the "Complaint") as follows:

**GENERAL DENIAL**

Except as otherwise expressly admitted below, ESI denies each and every allegation contained in Paragraphs 1 through 30 of the Complaint including, without limitation, the headings and subheadings contained in the Complaint; specifically denies any liability to Plaintiffs or any member of the class or subclass that Plaintiffs purport to represent; and specifically denies that Plaintiffs or any member of the class or subclass that Plaintiffs purports to represent have suffered any legally cognizable damages for which ESI allegedly is responsible. Allegations in Counts I and III, and Plaintiffs' claims alleging fraudulent misrepresentation, suppression, and for unjust enrichment and constructive trust, have been dismissed by Orders dated June 5, 2006 and June 7, 2007, and do not require a response; however, to the extent that a response is deemed

necessary, such allegations are denied. Finally, allegations that state a legal or other conclusion do not require a response; however, to the extent that a response is deemed necessary, such allegations are denied.

## **SPECIFIC RESPONSES**

In response to the Complaint's numbered paragraphs, ESI answers as follows:[1]

1. ESI denies the allegations in Paragraph 1 of the Complaint.

2. ESI admits that it is a pharmacy benefit manager, and that Plaintiffs contracted with ESI. ESI admits that such contract or contracts refered to AWP and to dispensing medications pursuant to such contractual terms. ESI denies the remaining allegations in Paragraph 2.

3. ESI admits the allegations in Paragraph 3 of the Complaint.

4. ESI admits that venue is proper in this District. ESI denies the remaining allegations in Paragraph 4.

5. ESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the allegations contained therein.

6. ESI admits that it is a Delaware corporation with its principal place of business in St. Louis County, Missouri. Except as specifically admitted herein, ESI denies all other allegations in Paragraph 6 of Plaintiffs' Complaint.

---

[1] Unless otherwise specifically indicated, each response herein refers to the numbered paragraph of the Complaint that is referred to in the response, including all subsections thereof, and to any unnumbered paragraphs that appear between the numbered paragraph and the next numbered paragraph.

2698390.01                                         2

7. ESI admits that Plaintiffs filed the Complaint as a putative national class action, but ESI denies that this case is proper for class treatment, denies that the putative class is appropriately defined, and denies any remaining allegations contained in Paragraph 7.

8. ESI admits that Plaintiffs entered into contracts with ESI for dispensing prescription medications, but denies the remaining allegations contained in Paragraph 8.

9. ESI admits that AWP is one of several pricing components that were used as a basis for reimbursing Plaintiffs under their contracts with ESI. Upon information and belief, ESI admits the allegation in the sixth sentence of Paragraph 9. ESI denies the remaining allegations in Paragraph 9 of the Complaint.

10. ESI denies the allegations in Paragraph 10 of the Complaint.

11. ESI denies the allegations in Paragraph 11 of the Complaint.

12. ESI denies the allegations in Paragraph 12 of the Complaint.

**First Cause of Action**
**(Misrepresentation / Suppression)**

13-20. ESI incorporates by reference its general denial and responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein. ESI further states that the allegations in Count I have been dismissed and do not require a response; however, to the extent that a response is deemed necessary, the allegations in Count I are denied.

**Second Cause of Action**
**(Breach of Contract)**

21.    ESI incorporates by reference its general denial and responses to Paragraphs 1 through 20 as if fully set forth herein.

22.    ESI admits that a written contract existed between Plaintiffs and ESI. ESI denies the remaining allegations in Paragraph 22 of the Complaint.

23.    ESI denies the allegations contained in Paragraph 23.

**Third Cause of Action**
**(Unjust Enrichment/Constructive Trust)**

24-28.  ESI incorporates by reference its general denial and responses to Paragraphs 1 through 23 of the Complaint as if fully set forth herein. ESI further states that the allegations in Count III have been dismissed and do not require a response; however, to the extent that a response is deemed necessary, the allegations in Count III are denied.

**Fourth Cause of Action**
**(Injunctive Relief)**

29.    ESI incorporates by reference its general denial and responses to Paragraphs 1 through 28 as if fully set forth herein. ESI further states that the allegations in Count IV were dismissed by docket entry dated June 5, 2006, and do not require a response; however, to the extent that a response is deemed necessary, the allegations in Count IV are denied.

30.    ESI denies that Plaintiffs are entitled to any of the relief they request in Paragraph 30.

## **AFFIRMATIVE DEFENSES**

By alleging the Separate and Additional Defenses set forth below, ESI intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute and shall not be deemed to constitute an admission of liability that Plaintiffs are entitled to any relief whatsoever, that Plaintiffs may maintain this action as a class and/or representative action, or that the putative class is entitled to any relief whatsoever.

ESI alleges the following affirmative defenses with respect to the causes of action alleged in the Complaint:

1. Plaintiffs' claims each fail to state a cause of action against ESI upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and the doctrine of laches.

4. Plaintiffs' claims are barred because, if the Plaintiffs were damaged, which ESI expressly denies, Plaintiffs failed to mitigate their damages.

5. Plaintiffs' claims are barred because, if the Plaintiffs were damaged, which ESI expressly denies, said damages were caused by the actions or omissions of the Plaintiffs, their agents or employees, or by third parties over which ESI had no responsibility or control.

6. Plaintiffs' claims are barred by set off and/or recoupment.

7. Plaintiffs' claims are barred by the doctrine of unclean hands.

8.   Plaintiffs' claims are barred because they seek remedies not authorized by the exclusive remedy provisions of their contracts; furthermore, Plaintiffs have failed to utilize their exclusive remedy for their claims.

9.   Plaintiffs' claims are barred, in whole or in part, by the limitation of remedies set forth in their Contracts.

10.  The Complaint, and each cause of action alleged in the Complaint, are barred because Plaintiffs have not been injured at all as a result of the action or inaction by ESI.

11.  ESI is absolved from any an all liability for the wrongs alleged in the Complaint because at all times it acted with legitimate business justification and/or was otherwise privileged.

12.  Plaintiffs' claims for equitable relief, including claims for injunctive relief, are barred because Plaintiffs have adequate remedies at law.

13.  Plaintiffs are barred, in whole or in part, from recovering any amounts from ESI in this action because Plaintiffs ratified and/or consented to the conduct of ESI now alleged to be wrongful.

14.  Plaintiffs' claims are barred because ESI complied with each of its contractual obligations, if any, concerning Plaintiffs.

15.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

16.  ESI is informed and believes, and based thereon alleges, that Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction to the extent that Plaintiffs or any person or persons that Plaintiffs purport to represent receives or has the

opportunity to receive any compensation on the basis of the same or similar allegations or claims.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrine of payment.

18. Plaintiffs are barred in whole or in part from recovering any amounts from ESI in this action by the doctrine of express or implied release.

19. ESI is informed and believes that the Complaint, and each cause of action alleged in the Complaint, is preempted by federal law, including, but not limited to the Employee Retirement Income Security Act of 1974 ("ERISA").

20. ESI asserts that Plaintiffs and/or members of the putative class may only pursue claims against ESI, if at all, in arbitration pursuant to contractual agreements relevant to this matter.

21. This lawsuit does not meet the requirements of Fed. R. Civ. P. 23 and may not properly be maintained as a class action.

22. ESI does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

WHEREFORE, ESI respectfully requests entry of judgment granting the following relief:

(a) dismissing Plaintiffs' Complaint with prejudice;

(b) awarding the costs of defending this action, including attorney's fees, costs and disbursements; and

  (c)  granting such other and further relief as this Court may deem just and proper.

        Respectfully Submitted,

        By: /s/ Gregory C. Cook
        GREGORY C. COOK (ASB-1088-O55G)
        ERIC B. LANGLEY (ASB-8139-E66E)
        **BALCH & BINGHAM LLP**
        Post Office Box 306
        Birmingham, Alabama 35201-0306
        Telephone: (205) 226-3426
        Facsimile: (205) 488-5680

        - and -

        JOSEPH P. CONRAN (*pro hac vice*)
        THOMAS M. DEE (*pro hac vice*)
        CHRISTOPHER A. SMITH (*pro hac vice*)
        **HUSCH & EPPENBERGER, LLC**
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        Telephone: (314) 480-1500
        Facsimile: (314) 480-1505

        **ATTORNEYS FOR DEFENDANT EXPRESS SCRIPTS, INC.**

## **CERTIFICATE OF SERVICE**

      I herby certify that on this 21st day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

Kenneth E. Riley (kriley@frplegal.com)
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building
Suite 200
Birmingham, Alabama 35203

Robert G. Methvin, Jr. (rgm@mmlaw.net)
James M. Terrell (jterrell@mmlaw.net)
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

                                                      /s Christopher Andrew Smith