IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PEARSON'S PHARMACY, INC., et al.;  )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )   Civil Action No. 3:06cv73-VPM
                                    )
EXPRESS SCRIPTS, INC.,              )
                                    )
    Defendant.                      )

**JOINT REPORT OF PARTIES' PLANNING MEETING**

Plaintiffs Pearson's Pharmacy, Inc. and CAM Enterprises, Inc. d/b/a/ Altadena Pharmacy (collectively "Plaintiffs") and defendant Express Scripts, Inc. ("Express Scripts") hereby submit the following report of their Planning Meeting.

1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 12, 2007. The meeting was attended by James M. Terrell for plaintiff and Christopher Andrew Smith for defendant; the parties had several subsequent phone conversations and emails on such issues and Gregory C. Cook also participated in these on behalf of defendant.

2.    <u>Synopsis of Case</u>. This proposed class action involves allegations that Express Scripts breached its contracts with plaintiffs: (1) by failing to update the Average Wholesale Price ("AWP") data on its computer system used to reimburse pharmacies (for name brand prescription drugs) on a daily or real-time basis with

922057.1

the most current AWP which resulted in an underpayment to Plaintiffs and the putative class members and (2) by failing to reimburse Plaintiffs and other putative class members using the AWP that existed on the date that Plaintiffs and other putative class members dispensed name brand prescription drugs which resulted in an underpayment to Plaintiffs and the putative class members. Plaintiffs' further claim that a class action should be certified, consisting of a class of pharmacies. Express Scripts denies that it has breached the contracts, denies there has been any proof of any loss, and asserts that its updates have been timely, that the contract does not require real-time updates and that plaintiffs have waived their claims pursuant to its contract and its course of dealing with Express Scripts. Express Scripts has also asserted a number of affirmative defenses, including waiver, standing, accord and satisfaction, release, statute of limitations, and estoppel, among many others. Express Scripts also denies that any class certification is appropriate for numerous reasons.

3. <u>Pre-Discovery Disclosures and Other Matters</u>. The parties will make their initial disclosures regarding the claims of the plaintiff no later than August 29, 2007.

4. <u>Pre-Trial/Discovery Plan</u>. The parties jointly propose to the Court the following tentative pre-trial/discovery plan:

922057.1

Discovery will be needed on the following subjects: (a) Class Certification and (b) Merits. The parties will focus their discovery upon discovery relating to the elements of Rule 23 and to the merits of the plaintiffs' individual claims until a decision by the Court on class certification. There shall be no formal bifurcation of discovery and all parties shall be entitled to seek discovery that goes to issues applying to class certification and the plaintiffs' individual claims and defendant's defenses. The parties disagree whether Plaintiffs should be entitled to the individual records or files of class members until class certification and will seek a ruling from the Court regarding this issue if a dispute arises that cannot be resolved by the parties. To the extent individual claim information or other Protected Health Information ("PHI") is ever produced in this litigation, the parties agree that they will seek an appropriate protective order from the Court and that such production will include only what data is necessary to the issues in the case including, for instance, redaction or other steps to anonymize the data.

| | |
|---|---|
| August 29, 2007: | Initial Disclosures |
| November 30, 2007: | Deadline for plaintiffs to move for leave to join additional parties or amend pleadings. |
| December 31, 2007: | Deadline for defendant to move for leave to join additional parties or amend pleadings. |
| April 4, 2008: | Plaintiffs to serve Motion for Class Certification, with all supporting affidavits and expert reports (including all information required by Fed.R.Civ.P. 26(a)(2)). All Rule 26(a)(2) |

922057.1

|  |  |
|---|---|
|  | information for the plaintiffs' individual claims must also be provided on this date. |
| May 19, 2008: | Defendant to complete depositions of plaintiffs' experts/affiants. |
| June 2, 2008: | Defendant to serve Opposition to Plaintiffs' Motion for Class Certification, along with supporting affidavits and expert reports (including all information required by Rule 26(a)(2)). All Rule 26(a)(2) information for the plaintiffs' individual claim must also be provided on this date. |
| July 16, 2008: | Plaintiffs to complete depositions of defendant's experts/affiants. |
| July 31, 2008: | Plaintiffs to serve Reply in Support of Plaintiff's Motion for Class Certification. |

If the Court grants the motion for class certification, the parties request that the Court hold a scheduling conference to provide for notice to the class and for an appropriate trial date and further discovery. If no certification occurs, the following deadlines would apply:

|  |  |
|---|---|
| 30 Days after Class Denied: | Deadline for any party to file a Motion for Summary Judgment. If any such motion is filed (whether on this or any other), the responding party shall have 14 days for a reply and the moving party shall have 7 days to file a rebuttal. |
| 30 days before trial date: | All parties' deadline to file witness and exhibit lists and any designation of deposition testimony. |
| 15 days before trial date: | All parties' deadline to object to witness and exhibit lists and designated deposition testimony. |

922057.1

15 days before trial date:    All parties' deadline to file motions in limine.

Trial Ready:    120 days after class denied.

5.  <u>Additional Limitations on Discovery</u>. The parties jointly propose to the Court the following additional limitations on discovery:

    (a)  Maximum of 45 interrogatories by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

    (b)  Maximum of 45 requests for admission by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

    (c)  Maximum of 15 depositions by any party, unless otherwise agreed to by the parties or upon leave of Court.

    (d)  Each deposition is limited to a maximum of 7 hours unless otherwise agreed to by the parties or upon leave of Court.

6.  <u>Scheduling Order</u>. The parties do not request a conference with the Court before entry of a scheduling order.

7.  <u>Settlement</u>. Settlement cannot be evaluated prior to July 31, 2008.

8.  <u>Pre-Trial Conference</u>. The parties request a pre-trial conference in December, 2008.

9.  <u>Electronically Stored Information ("ESI")</u>: The parties agree that documents maintained in hard copy shall be made available for inspection by the requesting party in hard copy. Documents maintained electronically shall be made available in tiff format, with the image of each document bearing a Bates number

922057.1

and, the applicable confidentiality legend under the terms of any Protective Order. In circumstances where a document will not properly convert to tiff because of formatting issues (i.e., Excel worksheets), the producing party may elect to produce such documents electronically in their native format. For any such document produced in its native format, the producing party shall re-name the document file to include its Bates number and the appropriate confidentiality legend. A document produced in accordance with the above need not be produced in any other format. Notwithstanding the foregoing, either party may request that the other produce a particular document in its native format or in a format other than tiff (i.e., pdf or jpeg) upon showing that exceptional circumstances require the need for such production.

    10.    The parties consent to electronic service of documents and pleadings and agree that service occurs on the day electronically filed.

    Respectfully submitted,

/s/ James M. Terrell
One of the Attorneys for Plaintiff
Pearson's Pharmacy, Inc. and CAM
Enterprises, Inc. d/b/a Altadena Pharmacy

**Attorneys for Plaintiffs:**

Kenneth E. Riley
FARRIS, RILEY & PITT, LLP
2025 Third Avenue North

922057.1

The Historic Massey Building
Suite 200
Birmingham, Alabama 35203

Robert G. Methvin, Jr.
James M. Terrell
MCCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

/s/ Gregory C. Cook
One of the Attorneys for Defendant
Express Scripts, Inc.

**OF COUNSEL:**

Joseph P. Conran (*Pro Hac Vice*)
Thomas M. Dee (*Pro Hac Vice*)
Jeanine R. Bermel (*Pro Hac Vice*)
Christopher J. Valeriote (*Pro Hac Vice*)
Christopher A. Smith (*Pro Hac Vice*)
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Facsimile: 314-480-1505

Gregory C. Cook
Eric B. Langley
BALCH & BINGHAM LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-226-3426
Facsimile: 205-488-5870
**gcook@balch.com**

922057.1